# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alexandra Tara McCabe <br> 527 Lyla Ln. <br> Bellingham, WA 98225 <br><br>    PLAINTIFF <br><br>  vs. <br><br> Sally Albright <br><br> and <br><br> John Doe 1 a/k/a @HouseIsBorgia <br><br> John Doe 2 a/k/a "Kevin" <br><br> John Doe 3 a/k/a @RealKHiveQueenB <br><br> John Doe 4 a/k/a @LadyKay2You <br><br> John Does 5-20 <br><br>    DEFENDANTS | Civil Action No. 21-cv-368 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

## COMPLAINT

Plaintiff, by and through her undersigned attorney, allege the following:

## INTRODUCTION

1. Alexandra Tara McCabe, publicly known as Tara Reade, published her book, "Left Out: When the Truth Doesn't Fit In" (hereafter "the book") on October 27, 2020. Immediately upon release, defendant Sally Albright and other unknown persons immediately, and with the specific intent to humiliate and economically injure Ms. Reade, began to share copies of her book on social media, did a public reading of the book in violation of Ms. Reade's copyright, and provided a download link so that anyone could get the book for free rather than paying for it.

2. Various individuals, known and unknown to Ms. Reade, engaged in a civil conspiracy to participate in, aid and abet the illegal scheme of willful and malicious copyright infringement described in this complaint.

## THE PARTIES

3. Plaintiff Alexandra Tara Reade (Ms. Reade) received a torrent of abuse after she came forward publicly in late 2019 regarding sexual harassment and sexual assault from now-President Joe Biden in 1993.

4. Sally Albright styles herself as a Democratic Party activist and resides in Washington D.C.

5. John Doe 1 is known as @HouseIsBorgia on Twitter.

6. John Doe 2 was referred to as "Kevin" in the infringing Facebook Live reading of the book, and read sections of the book on the recording.

7. John Doe 3 is known as @RealKHiveQueenB on Twitter

8. John Doe 4 is known as @LadyKay2You on Twitter.

9. John Does 5-20 are other individuals who violated Ms. Reade's copyright or conspired with Ms. Albright and others to contributorily infringe Ms. Reade's copyright.

## JURISDICTION, VENUE, AND FORUM

10. Federal courts hold exclusive jurisdiction over copyright litigation.

11. The named defendant can be found in the District of Columbia, so this court is a proper venue and forum for this litigation.

## VICARIOUS LIABILITY ALLEGATIONS

12. Ms. Albright sought and received aid in her scheme to injure Ms. Reade by recruiting others to join in her copyright infringement by reading her book out loud on Facebook Live, an online video streaming service.

13. John Does 1 and 2 joined Ms. Albright and read sections of her book out loud.

14. John Does 1-20 are liable for contributing to and aiding and abetting Ms. Albright's illegal activity as described in this complaint.

## FACTUAL ALLEGATIONS

15. After Ms. Reade came forward with her allegation of sexual assault, Ms. Albright set out to destroy Ms. Reade's public reputation.

16. Ms. Albright posted countless items on Twitter, other social media and other websites maliciously attacking Ms. Reade's character.

17. Ms. Albright used multiple sock-puppet accounts to amplify her vitriol against Ms. Reade.

18. Google identifies 760 pages where the terms "Tara Reade" and "Sally Albright" both appear on the same page. This demonstrates Ms. Albright's obsession with attacking Ms. Reade.



19. In October of 2020, Ms. Reade completed a memoir entitled "Left Out: When The Truth Doesn't Fit In."

20. Ms. Reade published the book on October 27, 2020.

21. Ms. Reade holds a Certificate of Registration from the United States Copyright Office for the book.

22. The registration number is TX 8-908-695.

23. Page 1 of the book, on the third line and fourth line, is written the following: "Copyright © 2020 by Tara Reade. ALL RIGHTS RESERVED."

24. Very soon after publication, Ms. Albright, without permission, made a copy of the book and put it on a Google server, so anyone could download it without paying for it.

25. Ms. Albright publicized her illegal copy through Twitter and other means, and specifically encouraged people to download her free copy rather than buying a copy through Ms. Reade's publisher.



26. On October 27, Ms. Albright posted the following to twitter: "We are reading out loud from Tara Reade's book. On FB live. Jump on Zoom to join us, or tune in on my FB page. fb.com/SallyAlbright."

27. Ms. Albright did indeed host a live reading of Ms. Reade's book.

28. At approximately 1:30 into the first infringing Facebook Live reading of Ms. Reade's book, Ms. Albright states: "We have the PDF if you want to join Facebook Live, somebody will mail the PDF to you, and you can either message me and I'll send it to you, or we'll find a way to get it to you, **because I bought it so you don't have to**, that $9.99 for the ebook."

29. During the Facebook Live recording, Ms. Albright and John Does 1-2 took turns reading whole chapters from the book.

30. Ms. Albright encouraged and instructed Does 1-2 to read particular sections of the book.

31. On information and belief, the copies of the book being read by Does 1-2 were not legitimate copies, but rather were infringing copies provided by Ms. Albright and copied onto the electronic devices of Does 1-2.



32. In a set of public twitter posts, John Doe 3, a/k/a @RealKHiveQueenB, admitted to "pirating" the book using Ms. Albright's copy.



33. John Doe 4, a/k/a @LadyKay2You, admitted in a set of tweets posted on 10/27/2020 that she pirated the book, and offered to send a copy to anyone who requested one.



34. John Doe 4's sharing of Ms. Reade's book was part of her own campaign to discredit Ms. Reade's sexual assault allegation by discrediting Ms. Reade as a person. John Doe 4 posted countless tweets such as the following:



35. The infringement was part of a campaign to hurt Ms. Reade financially.



## COUNT 1:

## COPYRIGHT INFRINGEMENT / VIOLATION OF EXCLUSIVE RIGHT TO REPRODUCE COPYRIGHTED MATERIAL

### Against Defendants Albright, John Does 1-20

36. Ms. Reade is, and at all relevant times has been, the copyright holder under United States Copyright Law in the book.

37. Ms. Reade holds a valid copyright certificate issued within 3 months of the first publication of the book.

38. According to 17 U.S.C. § 106 of the Copyright Act vests the exclusive right to reproduce copyrighted material, to prepare derivative works, to distribute copies, and to to perform or display the copyrighted material publicly.

39. Ms. Albright directly infringed Ms. Reade's copyright when she made a copy of Ms. Reade's book and uploaded it to Google's cloud service.

40. Ms. Albright knew that the work was copyrighted, and knew that Ms. Reade intended to profit from its distribution, therefore she acted willfully.

41. John Does 1-4 violated Ms. Reade's copyright by soliciting and downloading copies of the book from Ms. Albright.

42. On information and belief, John Does 1-20 intentionally violated Ms. Reade's copyright by downloading copies of the book without purchasing it.

43. Ms. Albright and Does 1-4 infringement was not merely willful, but was malicious, coming as a part of a long pattern of behavior designed to hurt, discredit and diminish Ms. Reade.

44. Ms. Reade seeks all remedies permitted under law, including statutory damages of $150,000 per work from each person who infringed her copyright, costs of suit and attorney's fees, as per 17 U.S.C. §§ 504, 505.

## COUNT 2:
## COPYRIGHT INFRINGEMENT / VIOLATION OF EXCLUSIVE RIGHT OF PUBLIC PERFORMANCE / RIGHT TO CREATE DERIVATIVE WORKS
### Against Ms. Albright, John Does 1 and 2

45. Ms. Albright again directly infringed Ms. Reade's copyright when she publicly performed Ms. Reade's book on Facebook Live.

46. Ms. Albright knew that Facebook records Facebook Live videos and makes them available for viewing on demand after the performance is over.



47. This public performance itself therefore also created a tangible copy of Ms. Reade's work in violation of her copyright.

48. As of the time of this complaint, the video had been viewed more than 450 times.

49. By performing a reading of the book on Facebook Live, Ms. Albright and her co-conspirators, including but not limited to John Does 1-2, violated Ms. Reade's exclusive right to public performance and the right to exclude others from creating derivative works based on her work.

50. This infringement was not merely willful, but it was malicious, because it was part of a pattern of activity designed to harass, diminish and discredit Ms. Reade in as a part of Ms. Albright's obsession with Ms. Reade.

51. Ms. Reade seeks all remedies permitted under law, including statutory damages of $150,000 per work from each person who infringed her copyright, costs of suit and attorney's fees, as per 17 U.S.C.. §§ 504, 505.

## COUNT 3:
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

**Against All Defendants**

52. Contributory infringement occurs where one who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another.

53. Ms. Albright and John Does 1-2 all committed contributory infringement when they joined together to do a public reading of Ms. Read's book on Facebook Live.

54. On information and belief, other John Does committed contributory infringement when they solicited or offered copies of Ms. Reade's book, or instructed persons on how to make or post copies.

55. Ms. Reade seeks all remedies permitted under law, including statutory damages of $150,000 per work from each person who infringed her copyright, costs of suit and attorney's fees, as per 17 U.S.C.. §§ 504, 505.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment for each violation be entered against the Defendants, jointly and severally, for the following:

1. Statutory damages;
2. Attorney's fees and costs;
3. Interest on all sums;
4. An injunction prohibiting further infringement; and
5. Any and all such other relief as the Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Daniel Hornal
D.C. Bar No. 1005381
Talos Law
527 Lyla Ln
Bellingham, WA 98225
(202) 709-9662
Daniel@taloslaw.com

Attorney for Plaintiff