UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRA MCCABE ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civ. Action No. 1:21-CV-368 |
| ) | |
| SALLY ALBRIGHT, ET AL ) | |
| ) | |
| *Defendant*. ) | |

**JOINT RULE 26(f) AND LOCAL RULE 16.3 REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16.3 of the Local Rules, counsel for Plaintiff and Defendant have conferred and file the following Joint Rule 26(f) and Local Rule 16.3 Report.

**(1) Dispositive Motions:** Dispositive motions may be filed after discovery by both parties. Plaintiff intends to file a dispositive motion at the close of discovery. Defendant does not know if she will file a dispositive motion and wishes to rely on the advice of an attorney.

**(2) Joinder of Additional Parties, Amending Pleadings, Narrowing Issues:** Plaintiff has named several John Does and intends to serve them as soon as their identities and locations become known. The parties do not anticipate the need to join additional parties. The parties reserve the right to request leave to amend their pleadings to conform with the evidence at the close of discovery. Plaintiff believes that the issues should be able to be narrowed, however, Defendant is not prepared to discuss this at this time, in anticipation of retaining an attorney.

**(3) Assignment to a Magistrate Judge:** The parties do not believe that the case should be assigned to a Magistrate Judge.

**(4) Chances for Settlement:** Plaintiff believes this case is a good candidate for settlement. Defendant wishes to consult an attorney before entering into ADR.

**(5) Alternative Dispute Resolution:** Plaintiff's attorney has discussed the possibility of mediation with his client and they are ready to go forward with that process if Defendant is prepared, but wishes to wait until Defendant has consulted an attorney. The parties may request mediation after Ms. Albright retains an attorney.

**(6) Summary Judgment, Motion to Dismiss:** Plaintiff may file a motion for summary judgment on liability. Defendant would like to consult with an attorney and is unable to say if they will move for summary judgment at this time.

**(7) Initial Disclosures:** The parties agree to waive initial disclosures.

**(8) Discovery, Protective Orders, etc:** The parties do not wish to stipulate to any modifications to the rules for discovery at this time. The plaintiff anticipates propounding written discovery and taking depositions, although the parties reserve the right to use other discovery methods authorized by the Rules. The parties will discuss if there is a desire for a protective order once Ms. Albright has an attorney.

**(9) Electronically Stored Information:** The parties agree to preserve any discoverable electronically-stored documents. Computers and cell phones that were in use at the time of the actions complained of shall be preserved and not disposed of, and their hard drives will not be reformatted or otherwise wiped. The parties agree to exchange information digitally in native format when possible, or PDF upon request.

**(10) Special protection of privileged information:** The parties do not propose any changes to the standard rules.

**(11) Expert Reports, Depositions:** Plaintiff does not currently expect to employ any experts for this case. Defendant does not have a position on this and wishes to discuss it with her attorney.

**The parties jointly propose the following scheduling plan:**

All discovery to be completed in 9 months.

Summary judgment motions due: Plaintiff proposes 60 days after the completion of discovery. Defendant wishes to discuss this with her attorney.

**(11) Expert Reports, Depositions:** Plaintiff does not currently expect to employ any experts for this case. Defendant does not have a position on this and wishes to discuss it with her attorney.

**(12) Class Actions:** Not applicable.

**(13) Bifurcation:** The parties do not anticipate to request bifurcation of the trial.

**(14) Pretrial Conference:** The plaintiff suggests that a pretrial conference be held 30 days after the court rules on any motions for summary judgment or, if no such motions are filed, 30 days after the deadline for such motions if that date is convenient for the Court. The Defendant would like to discuss this with her attorney.

**(15) Trial Date:** The parties would like to set a trial date at the initial scheduling conference. Plaintiff proposes 60 days after the pretrial conference. Defendant wishes to consult an attorney before committing to a position.

**(16) Other Matters:** None.

Dated:  April  25, 2021

                                                Respectfully submitted,

                                                _____/s/_____
                                                Daniel Hornal
                                                D.C. Bar No. 1005381
                                                Talos Law
                                                527 Lyla Ln.
                                                Bellingham, WA 98225
                                                (202) 709-9662
                                                daniel@taloslaw.com
                                                *Attorney for Plaintiff*