UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ALEXANDRA MCCABE** | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Civ. Action No. 1:21-CV-368 |
| **SALLY ALBRIGHT, ET AL** | ) ) ) | |
| *Defendant*. | ) ) | |

**JOINT RULE 26(f) AND LOCAL RULE 16.3 REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16.3 of the Local Rules, counsel for Plaintiff and Defendant have conferred and file the following Joint Rule 26(f) and Local Rule 16.3 Report.

**(1) Dispositive Motions:** Dispositive motions may be filed after discovery by both parties. Plaintiff intends to file a dispositive motion at the close of discovery. Defendant intends to file a dispositive motion at the close of discovery.

**(2) Joinder of Additional Parties, Amending Pleadings, Narrowing Issues:** Plaintiff has named several John Does and intends to serve them as soon as their identities and locations become known. The parties do not anticipate the need to join further additional parties. The parties reserve the right to request leave to amend their pleadings to conform with the evidence at the close of discovery. The parties believe that the issues have narrowed as Defendant has

1

informed Plaintiff that certain defenses will be withdrawn and proposed submitting an amended answer.

**(3) Assignment to a Magistrate Judge:** The parties do not believe that the case should be assigned to a Magistrate Judge.

**(4) Chances for Settlement:** Plaintiff believes this case is a good candidate for settlement. Defendant is willing to consider ADR.

**(5) Alternative Dispute Resolution:** The parties have discussed the possibility of mediation and may move to mediation after initial discovery.

**(6) Summary Judgment, Motion to Dismiss:** Plaintiff may file a motion for summary judgment on liability. Defendant will likely move for summary judgment at the close of discovery.

**(7) Initial Disclosures:** The parties agree to waive initial disclosures

**(8) Discovery, Protective Orders, etc:** The parties do not wish to stipulate to any modifications to the rules for discovery at this time. The parties have and/or will propound written discovery and take depositions, although the parties reserve the right to use other discovery methods authorized by the Rules. The parties will further discuss the need for a protective order.

**(9) Electronically Stored Information:** The parties agree to preserve any discoverable electronically-stored documents. Computers and cell phones that were in use at the time of the actions complained of shall be preserved and not disposed of, and their hard drives will not be reformatted or otherwise wiped. The parties agree to exchange information digitally in native format when possible, or PDF upon request.

**(10) Special protection of privileged information:** The parties do not propose any changes to the standard rules.

**(11) Expert Reports, Depositions:** Plaintiff does not currently expect to employ any experts for this case. Defendant expects to retain an expert for this case.

**The parties jointly propose the following scheduling plan:**

All fact discovery to be completed in 9 months from entry of the scheduling order.

All expert discovery, if any, shall be completed within 70 days from the completion of fact discovery.  Each party will notify the other 28 days before that if it has decided not to retain a testifying expert.  The affirmative report of such expert shall be served within 14 days from the close of fact discovery.  An opposition report, if any, must be served within 28 days from receipt of the affirmative expert report.  Any deposition of an expert shall occur after the opposition report is served.

Summary judgment motions due: The parties propose 70 days after the completion of all discovery.

**(12) Class Actions:** Not applicable.

**(13) Bifurcation:** The parties do not anticipate bifurcation of the trial.

**(14) Pretrial Conference:** The parties suggest that a pretrial conference be held 30 days after the Court rules on any motions for summary judgment or, if no such motions are filed, 30 days after the deadline for such motions if that date is convenient for the Court.

**(15) Trial Date:** The parties would like to set a trial date at the initial scheduling conference. Plaintiff proposes 60 days after the pretrial conference.

**(16) Other Matters:**  None.

Dated:  July 24, 2022

                    Respectfully submitted,

                    _____/s/_____
Daniel Hornal
D.C. Bar No. 1005381
Talos Law
527 Lyla Ln.
Bellingham, WA 98225
(202) 709-9662
daniel@taloslaw.com
*Attorney for Plaintiff*


Sunni R. Harris
Dinsmore & Shohl LLP
801 Pennsylvania Avenue N.W.
Suite 610
Washington, D.C. 20004
Tel:  (202) 372-9136
Fax: (202) 372-9141
Sunni.harris@dinsmore.com

Philip L. Hirschhorn (Application for Admission Pending)
Panitch Schwarze Belisario & Nadel LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel:  (215) 965-1257
Fax: (215) 965-1331
phirschhorn@panitchlaw.com
*Attorneys for Defendant Sally Albright*