IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alexandra Tara McCabe )<br>)<br>PLAINTIFF )<br>  vs. )<br>)<br>Sally Albright *et al.* )<br>)<br>DEFENDANTS )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 21-cv-368<br><br>DISCOVERY DISPUTE SUMMARY |

**PLAINTIFF'S INFORMAL SUMMARY OF DISCOVERY DISPUTE**

The following are the discovery disputes currently outstanding to which the parties have reached an impasse:

INTERROGATORY NO. 2:

Please identify each and every Twitter account by @ handle that you controlled at any point between the dates of October 1, 2020 and February 1, 2021.

RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to Interrogatory No. 2 as beyond the scope of relevant discovery under Rule 26, FED R. C IV. P. The complaint contains no allegations concerning Twitter handles or the use of Twitter handles in any way regarding the copyright infringement issues in dispute. Defendant further objects that the Interrogatory is overbroad, burdensome, and calls for the production of information disproportionate to the needs of the case as pled by Plaintiff

Plaintiff knows that the defendant, Ms. Albright, has controlled many twitter accounts, and has used them to promote political causes. This has been covered in the Huffington Post: https://www.huffpost.com/entry/democratic-bot-network-sally-albright_n_5aa2f548e4b07047bec68023. An independent researcher published a quantitative analysis of Ms. Albright's twitter activity here: https://shareblueastroturf.netlify.app. Given that Ms. Albright promoted the copyright infringement complained of in this case on Twitter and Facebook, and that Ms. Albright has tweeted thousands of times about the plaintiff as alleged in the complaint, and has a well-documented history of using "sockpuppet" accounts to promote her pet causes, this request is well-tailored and likely to result in the discovery of information relevant to Plaintiff's claims. There are no legitimate privacy objections to this request, as twitter accounts are, by their nature, public. This request is not burdensome. If Ms. Albright only controlled a few twitter accounts, she could simply list them by hand. If its hundreds, or, as is likely, thousands, then whatever software she is using or has used to manage these accounts can export a list. Plaintiff is willing to work with the defendant to help them if they find this technically difficult.

INTERROGATORY NO. 5:

If you were paid or otherwise compensated in any way for social media posts or other online activities between October 1, 2020 and February 1, 2021, please state the name of the person or organization who compensated you, and describe in your own words the agreement, if any, for your compensation. The existence of nonexistence of an NDA does not relieve you of your obligation to answer this question.

RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to the request as outside the scope of discovery under Rule 26, FED R. C IV. P. Plaintiff's Interrogatory No. 5 seeks information that has no relevancy to the claims associated with the asserted unauthorized publication of Plaintiff's book.

Subject to the general and specific objections, Defendant had no agreement for and did not receive anything of value for social media related to the FB Live presentation in the period between October 1, 2020 and February 1, 2021.

This answer is evasive and fails to answer the question propounded. As the links above demonstrate, Ms. Albright is more than likely a paid operative for a political organization. The plaintiff got on Ms. Albright's "radar" by making accusations of impropriety against a major political figure. If Ms. Albright is being compensated for social media activities or other online activities, the persons or organizations that are paying her are likely to have discoverable information regarding Ms. Albright's online activities, and may be liable directly as co-conspiritors, or indirectly through vicarious liability theories such as agency or *respondeat superior*.

There is one remaining dispute between the parties. Plaintiff wishes to subpoena the online service providers that the Defendant used to promote and disseminate Ms. Albright's book. Ms. Albright has necessitated this as she is denying having disseminated the book via online services, despite the very strong evidence that she has. *See, e.g.,* Compl. ¶ 31 (in which John Doe defendant @RealKHiveQueenB tweets that she got the book because "Sally Albright shared it"), Compl ¶ 28 (in which Ms. Albright states "We have the PDF if you want to join Facebook Live, somebody will mail the PDF to you, and you can either message me and I'll send it to you, or we'll find a way to get it to you, because I bought it so you don't have to.")

In order to prove her case, Plaintiff has requested that Ms. Albright sign a waiver permitting online services such as Twitter and Facebook where she promoted her piracy of the Plaintiff's book, and Google, which she used to disseminate the book, to release their stored communications of her online activities. This waiver is required under the Stored Communications Act, 18 U.S.C. § 2702.

Plaintiff is willing to discuss a protective order for non-pertinent communications received through subpoena or provided directly from the online services, or otherwise attempt to accommodate any privacy interest Ms. Albright may have, however, Ms. Albright has flatly refused to provide the waiver. Parties in lawsuits are routinely required to provide waivers for protected health information and other information that is at issue in a lawsuit. This waiver is absolutely critical to the Plaintiff's case. The Plaintiff will move to compel the waiver if the defendant does not agree to give it. Parties cannot be made to rely upon the honesty of other party's discovery responses when the information would be easily verifiable through a third-party request.

Ms. McCabe appreciates the court's help in resolving these issues.

Respectfully submitted,

_____/s/_____
Daniel Hornal
D.C. Bar No. 1005381
Talos Law
527 Lyla Ln
Bellingham, WA 98225
(202) 709-9662
Daniel@taloslaw.com

Attorney for Plaintiff