UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRA MCCABE,<br>　　　　Plaintiff,<br>v.<br>SALLY ALBRIGHT, *et al.*,<br>　　　　Defendants. | Civil Action No. 21-0368 (CKK) |

**ORDER**
(September 1, 2022)

This copyright matter is before the Court on Plaintiff's [23] Meet and Confer Statement and Defendant Albright's [26] Informal Summary of Discovery Dispute. This matter was set for a discovery conference on August 24, 2022 to discuss outstanding discovery disputes. Upon review of these filings, the Court vacated the discovery conference, opting to rule on the papers. This Order resolves the first two disputes and orders fuller briefing, in the form of a motion to compel, on the third.

First, Plaintiff takes issue with Defendant Albright's response to Plaintiff's Interrogatory No. 2. This interrogatory asks Defendant Albright to "identify each and every Twitter account by @ handle that [she] controlled at any point between the dates of October 1, 2020 and February 1, 2021." ECF No. 26 at 2. Although Defendant Albright initially objected to this interrogatory as unduly burdensome and overbroad, Defendant Albright has now agreed to "provide any Twitter handle or handle(s) she controlled in the period from the publication date (October 27, 2020) to February 1, 2021." *Id.* at 4. As such, this issue is now moot.

Second, Plaintiff takes issue with Defendant Albright's response to Plaintiff's Interrogatory No. 5. This interrogatory asks Defendant Albright to "state the name of the person or organization who compensated [her]" if she was "paid or otherwise compensated in any way

for social media posts or other online activities between October 1, 2020 and February 1, 2021." *Id.* Although Defendant Albright initially objected to this interrogatory as overbroad, she has now stated that "[s]he has not received anything of value from anyone for her presence on social media from the time the book [the subject of this action] was published . . . to February 1, 2021." *Id.* at 6. Accordingly, Defendant Albright has fully responded to this issue, rendering it moot.

Third and finally, Plaintiff represents that she intends to "subpoena the online service providers that [] Defendant [Albright] [allegedly] used to promote and disseminate [Plaintiff's] book." *Id.* at 5. Plaintiff has evidently requested a "waiver" from Defendant Albright to access those records, which Defendant Albright has refused to provide. As Plaintiff has not explained the scope of such a subpoena nor the legal authority for which such a waiver may be compelled, the Court shall order further briefing. Plaintiff shall file her motion to compel the "waiver" on or before **September 16, 2022**. Defendant Albright shall file her opposition on or before **September 30, 2022**, and Plaintiff may file a reply on or before **October 7, 2022**.

The parties shall note that discovery is not and shall not be stayed pending the resolution of the forthcoming motion to compel.

**SO ORDERED**.

Dated: September 1, 2022

/s/ Colleen Kollar-Kotelly
**COLLEEN KOLLAR-KOTELLY**
United States District Judge