**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDRA TARA MCCABE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Civil Action No. 1:21-cv-368-CKK |
| *v.* | ) |
| | ) |
| SALLY ALBRIGHT | ) |
| | ) |
| *Defendant.* | ) |
| | ) |
| | ) |

**MOTION FOR SANCTIONS UNDER FRCP 37(d), AND TO EXTEND DISCOVERY
FOR THE PLAINTIFF ONLY FOR 3 MONTHS**

**Note**

In accordance with the general order, with consent, counsel for Defendant called

chambers first thing in the morning on July 19 to attempt to schedule a discovery conference.

Chambers has not scheduled a time for a telephone conference or issued any orders, and the

discovery deadline is today. Therefore, to preserve Plaintiffs' rights, the attached needed to be

filed today, before the close of discovery.

**Certification**

The parties had a discovery videoconference at 5pm Eastern Time on 7/18, and no

progress on the issued outlined in this motion was accomplished. To date, no depositions have

been taken, and parties have exchanged document requests, interrogatories and requests for

admission.

**Introduction**

Defendant evaded having her deposition taken for months, and now is outright refusing to

sit for a deposition without any stated legal justification. Therefore, Plaintiff requests that the Defendant be sanctioned Fed. R. Civ. P. 37(d)(1). As a sanction, plaintiff requests that Defendant be assessed a penalty of $5,000 on top of the attorney's fees incurred in the writing of this motion and any reply or hearing stemming therefrom. Additionally, Plaintiff seeks an order compelling Ms. Albright to attend a deposition, and extending discovery for the plaintiff only for 3 months after the issuance of an order on this motion.

<strong><u>Facts</u>[1]</strong>

**Ms. Albright refuses to sit for a deposition**

Council first requested a date for Ms. Albright's deposition on April 3 of this year via email. Defendant failed to give any dates. On April 26, Plaintiff served a notice of deposition scheduled for May 17 at 1pm, but indicated flexibility if a different date were available on or before the 17th.

After a 15-day silence, on May 11, just five days before the scheduled deposition, Defendant stated that he was unavailable on May 17, but said they could do a deposition on May 25. On the morning of the 25th, Defendant canceled the deposition because Ms. Albright reported "feeling unwell." Plaintiff immediately asked for new dates for the deposition.

Nineteen days later, on June 13, having still received no dates to reschedule the deposition, plaintiff served a notice of deposition for June 29. After reviving the notice, counsel for Defendant stated via email that he would be out of the office on June 29 as well as a few other dates, but did not offer any dates. Plaintiff replied asking which dates the defendant would be available. No dates were ever provided. After several further requests for dates, Defendant

---

[1] Plaintiff has email exchanges to support each assertion in this section. We do not believe that it is proper to request the court review attorney email exchanges without substantial justification. If Defendants contest any part of this narrative, or if the court so requests, plaintiff will provide supporting documentation.

refused to give any dates, and finally stated that his client will not sit for a deposition at all.

Defendant offered as an excuse that plaintiff is traveling internationally. Plaintiff, through counsel, stated that he was aware of no law that would justify postponing the defendant's duly-noticed deposition. Defendant offered no legal justification whatsoever for her refusal.

**Ms. Albright is being evasive in discovery, and her refusal to sit for a deposition prevented an easy cure for the evasion**

Plaintiff served her Requests for Admission (Exhibit 1) on February 14, 2023. The vast majority of the requests were to confirm that Ms. Albright made particular posts to Twitter. These RFAs were sent at Defendant's suggestion as a potential way to resolve the discovery dispute which was the subject of previous motions practice (Dkt. 30). On March 16, Defendant served her responses (Exhibit 2.) While Ms. Albright admitted to many of the posts, she gave evasive responses rather than admitting or denying or admitting with explanation. For others she made a relevancy objection, even though the relevancy was obvious. Plaintiff sent a deficiency letter (Exhibit 3) requesting complete answers. Defendant responded via emai and refused to amend her answers.[2]

Defendant's discovery answers were patently deficient. Ms. Albright objected to the relevance of Requests for Admission 56-62, despite the fact that the relevancy was obvious and explained, but Defendant still did not admit or deny notwithstanding the objection. Most bizarrely, in response to Request for Admission No. 64, Defendant denied that she organized a live reading of Ms. Reade's book on Facebook. This, despite the fact that Plaintiff produced a video of the Defendant literally hosting the live reading of Plaintiff's book, downloaded from the Defendant's Facebook account.

---

[2]   Defendant finally did amend some of her answers on July 19. These admissions did not cure many of the deficiencies.



Plaintiff will provide the court with the video upon request. Defendant also refused to produce her social media posts or "Direct Messages", despite her "care, custody or control" of these items being clearly established by Twitter's adherence to the GDPR (General Data Protection Regulation), which lawfully obligates Twitter to turn over Defendant's data to defendant.

In order to avoid burdening the court with unnecessary motions practice, Plaintiff determined to simply take Ms. Albright's deposition and ask her directly the questions she refused to answer in writing.

Ms. Albright's refusal to sit for a deposition without any stated legal justification, combined with her refusal to admit or deny facts that cannot be in good faith contested, has prejudiced plaintiff. Without Ms. Albright's admissions, it is far more difficult to move for summary judgment. At trial, Plaintiff would be forced to present her case without knowing Ms. Albright's defenses.

Plaintiff should not need to resort to a deposition in order to get straight answers on her Requests for Admission or document requests, and she should not need to resort to court intervention to employ the most basic instruments of the discovery process. Sanctions are appropriate, and necessary.

**Legal Standards**

This dispute falls primarily under Fed. R. Civ. P. 37(d)(1)(A), governing sanctions for a party's failure to attend its own deposition. The court may, upon motion, order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Sanctions may include those listed in Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi). Permissible sanctions include (i) directing that particular facts be taken as established for the purposes of the action, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, (iii) striking pleadings in whole or in part, (iv) staying further proceedings, and (iv) rendering a default judgment against the disobedient party.

"The central requirement of any Rule 37 sanction is that it be just.  Thus, Rule 37 is bounded by the 'concept of proportionality' between offense and sanction." *McNair v. District of Columbia*, 325 F.R.D. 20, 21 (D.D.C. 2018) (following *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)).  When deciding whether to impose a severe sanction, a court may consider "the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." *Id*. "The sanctions authorized by Rule 37, in order of severity, range from directing that ... designated facts be taken as established for the purposes of the action to rendering a default judgment against the disobedient party." *Id*.

**Argument**

Plaintiff is requesting a minor sanction given the seriousness of Defendant's conduct. To put this in context, when Ms. Albright first learned of the lawsuit, her response was to tweet "I'm happy to send the novel to anyone. What's she going to do, sue me twice?"



Despite acknowledging her knowledge of this lawsuit, she refused to acknowledge service voluntarily and successfully dodged service, requiring several motions to extend service, and finally a motion requesting service by alternative means. Ms. Albright continues to disrespect this process. There is no reason to believe that she will stop disrespecting the parties and this court unless sanctions are applied.

Ms. Albright's insistence has greatly prejudiced Plaintiff's ability to prosecute her case. Ms. Albright has refused to produce her social media posts and has not produced her Twitter Direct Messages, despite the fact that Defendant tweeted out that she was sending the book via Direct Messages. Ms. Albright claims that she cannot produce these Direct Messages now because she claims to be using a new account, but when plaintiff suggested that she simply submit a GDPR[3] request, she refused. Plaintiff had no desire to multiply the proceedings despite her putative entitlement to attorney's fees, so she determined to simply take Ms. Albright's deposition so the parties and court could be spared the drama of petty discovery disputes. It is now the end of the discovery process, and the Defendant has rewarded Plaintiffs' good faith by

---

3    The GDPR, or General Data Protection Regulation, is an EU regulation which requires companies such as Twitter and Google to give copies of personal data stored by these companies to their users upon requests.

simply refusing to sit for a deposition.

Plaintiff still needs to take Ms. Albright's deposition, and requests that the court order Ms. Albright to sit for a remote deposition at a time of Plaintiff's choosing. Plaintiff will need approximately two months to complete discovery after the date of Ms. Albright's deposition, in case Ms. Albright refuses to admit to certain issues and it becomes necessary for Plaintiff to issue a subpoena to Twitter, or to Google, who hosted Ms. Albright's pirated copy of the book. Plaintiff also requests attorneys' fees incurred in the production of this motion, and that she be assessed a penalty of $5,000.

**Conclusion**

For the foregoing reasons, Plaintiff requests that this motion be granted.

Respectfully submitted,

_____/s/_____
Daniel Hornal
D.C. Bar No. 1005381
Talos Law
527 Lyla Ln
Bellingham, WA 98225
(202) 709-9662
Daniel@taloslaw.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 21, 2023, I caused copies of the foregoing to be served on the court and the parties by CM/ECF.

Daniel Hornal (D.C. Bar No. 1005381)

TALOS LAW
527 Lyla Lane
Bellingham, WA 98225
(202) 709-9662
daniel@taloslaw.com

***Attorney for Plaintiff***