IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRA TARA MCCABE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Civil Action No. 1:21-cv-368-CKK |
| *v.* | ) |
| | ) |
| SALLY ALBRIGHT and | ) |
| JOHN DOES 1-20, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## MOTION FOR SANCTIONS, INCLUDING DISMISSAL OF THE COMPLAINT, FOR FAILURE OF PLAINTIFF TO APPEAR FOR DEPOSITION

Defendant Sally Albright, by her undersigned counsel, makes this motion for sanctions for the failure of Plaintiff Alexandra Tara McCabe to offer dates for deposition in the United States. Defendant stands in the unique position of having a plaintiff, Ms. McCabe, who decided to voluntarily defect from the United States on or about May 30, 2023. In an eight-hour press conference on Russian television, accessible through YouTube here, https://www.youtube.com/live/sXgazjmT0-c?feature=share, Ms. McCabe stated that she is not intending to return to the United States, that she has applied for expedited Russian citizenship, and otherwise made clear that – for her own personal reasons – she is not returning to the United States.

At the same time, Defendant had been pursuing Plaintiff's deposition. Because Ms. McCabe made clear that she was not returning to the United States, Defendant sought to learn through her counsel when she would be made available for deposition and how. Counsel refused to provide responses that could satisfy the Federal Rules and, as of a call on Tuesday, June 18, Plaintiff had not been made available for deposition. For the above reasons, Ms. McCabe's

lawsuit should be dismissed for failure to prosecute and Plaintiff should be sanctioned for at least the costs of this motion.

### Certification of Meet and Confer

Counsel for the parties met and conferred on Tuesday, June 18, 2023, regarding various discovery disputes.  At that time, Defendant again sought the deposition of Plaintiff and assurance that Plaintiff would return to the United States for her deposition.  Plaintiff's counsel refused to provide any assurance.  The parties were unable to resolve their differences.

Pursuant to the Court's rules, and because Plaintiff's counsel is in the Pacific time zone, Defendant's counsel, Mr. Hirschhorn, contacted chambers on the morning of July 19, 2023, to set up a call with the Court regarding discovery issues.  The parties heard no further communication from the Court.

### Background

The parties scheduled the video deposition of Defendant on May 29, 2023.  That day, Ms. Albright was unwell and was unable to appear.  The parties postponed her deposition, and Defendant paid the court reporter's appearance fee.  The next day, on May 30, 2023, Defendant and Defendant's counsel learned that Plaintiff departed the United States and literally defected – seeking Russian citizenship and stating that she intended not to return to the United States.  At that time, she participated in an eight-hour television talk show on Russian "Sputnik TV" asserting that the government of the United States was "out to get her," that she applied for expedited Russian citizenship, and that she would not return to the United States.

Shortly after that, on June 9, Defendant's counsel sought assurances that the Plaintiff would appear for deposition in the United States.  *See* Ex. A, Email string from June 9 to June 29, 2023, between Counsel.  Defendant offered two proposals – to have Plaintiff dismiss her case

or to postpone the deposition of Defendant until such time as Plaintiff made herself available for deposition in the United States.  On June 13, Plaintiff's counsel responded.  He refused to commit to bring his client back to the United States for deposition.  On June 20, Defense counsel again sought Plaintiff's deposition, but again, that request was buffeted by Plaintiff's counsel.

During the parties' meet and confer on Tuesday, July 18, the parties again raised and could not come to agreement on the deposition of Plaintiff.

## PLAINTIFF SHOULD BE SANCTIONED FOR FAILURE TO OFFER HERSELF FOR DEPOSITION

Plaintiff brought this slim reed of a copyright case against Defendant.  The parties sought and obtained minimal discovery.  While Defendant was unable to give her deposition on the agreed date, that deposition would have been provided at a later had Plaintiff provided assurances that she would have been available for deposition.  As it stands, Ms. McCabe is in Russia and has not intended to return or even offered to return.  Rather, just yesterday, Plaintiff's counsel requested that Defendant consent to a late substitution of parties – stating that Ms. McCabe was transferring ownership of her copyright to her daughter and seeking substitution of her daughter as Plaintiff.  *See* Ex. B, Email String dated July 20-21, 2023.  As is clear, that is simply a ruse to prevent Plaintiff from providing deposition testimony.

As Plaintiff, Ms. McCabe has an obligation to provide herself for deposition.  Defendant, through counsel, sought that deposition.  At no time did Plaintiff offer a date for her deposition, although Plaintiff's counsel suggested that she would be made available in the first or second week of June 2023.  By that time, however, Plaintiff voluntarily left the country.  Thus, Defendant is left with no choice but to bring this motion.

Plaintiff's actions are no less than a failure to prosecute.  While she blames Ms. Albright for failing to attend a deposition, Ms. Albright made clear that she would attend if she had

3

adequate assurances that the deposition would not be for naught – namely that she would be deposed but the Plaintiff would somehow, by virtue of fleeing the jurisdiction, avoid her deposition.

Under Rule 37 and the Court's inherent powers, Plaintiff should be sanctioned. *See, e.g., Henok v. Chase Home Fin.,* LLC, 2014 U.S. Dist. LEXIS 206405, Civ. No. 12-00336-PLF, *16 (July 14, 2014 D.D.C.), (citing *Bonds v. District of* Columbia, 93 F.3d 801, 807-808 (D.C. Cir. 1996)) ("courts have broad discretion in imposing sanctions for discovery violations").  At this point, by failing to present herself for deposition or offering a later date for deposition, she has effectively failed to prosecute her case.  This Court should deem the case abandoned and dismiss her complaint.

In the alternative, should the Court believe a less drastic action should be taken, Ms. McCabe should be ordered to attend a deposition in the District.

## CONCLUSION

Because Plaintiff substantially thwarted any opportunity for Defendant to take her deposition, Defendant's motion should be granted, and Plaintiff's complaint should be dismissed and Defendant should be awarded attorney's fees for Plaintiff's sanctionable conduct.


Dated: July 21, 2023                    /s/ Philip L. Hirschhorn
                                        Philip L. Hirschhorn
                                        PANITCH SCHWARZE BELISARIO & NADEL LLP
                                        Two Commerce Square
                                        2001 Market Street, Suite 2800
                                        Philadelphia, PA 19103-7044
                                        Tel: (215) 965-1330
                                        Fax: (215) 965-1331
                                        phirschhorn@panitchlaw.com
                                        edunston@panitchlaw.com

                                        *Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 21, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all counsel of record.

*/s/ Philip L. Hirschhorn*
Philip L. Hirschhorn

***Counsel for Defendant***