# EXHIBIT A

| | |
|---|---|
| **From:** | Philip Hirschhorn |
| **To:** | Daniel Hornal |
| **Bcc:** | 689945_0001_SALLY ALBRIGHT__ALEXANDRA TARA MCCABE V_ SALLY ALBRIGHT ET AL E_Mails |
| **Subject:** | RE: McCabe v. Albright, 1:21-cv-00368-CKK: Deposition of Plaintiff After Defection to Russia |
| **Date:** | Thursday, June 29, 2023 10:51:09 AM |
| **Attachments:** | image001.png |

Daniel,

Your response is a non-response. I asked whether your client is coming back to the US. We will have to take the matter before the Court. As I have noted, we will not proceed – or give dates – when your client is never coming back to the United States. We will so inform the Court and get the Judge's input on these matters.

Regards,

Phil

Philip L. Hirschhorn, Partner | **Panitch Schwarze Belisario & Nadel LLP** | 215-965-1257

---

**From:** Daniel Hornal <daniel@taloslaw.com>
**Sent:** Tuesday, June 20, 2023 5:25 PM
**To:** Philip Hirschhorn <phirschhorn@panitchlaw.com>
**Subject:** Re: McCabe v. Albright, 1:21-cv-00368-CKK: Deposition of Plaintiff After Defection to Russia

**External Email:** USE CAUTION.

Responses below:

On 6/20/2023 6:58 AM, Philip Hirschhorn wrote:

> Hi Daniel,
>
> Regarding the notice of deposition, I am out of the office on June 29 (and really June 28 to June 30). I have a deposition on June 27 and prep on June 26. I have a deposition on June 22 and prep on June 23. I am moving a hearing from June 29 to what I expect to be July 5 and will be out on July 7.

Ok. What dates ARE you and your client available? I am willing to make myself available weekends if that's what it takes. I will be traveling from July 1-4 and July 17-23.

> All that being said, I am again asking whether your client will be returning to the United States in the near future. Defendant will not be presented as a deponent until such time as your client elects to return. I will not take a deposition of a witness in Russia by

> video.  Your plaintiff is seeking expedited Russian citizenship and will no longer be bound by the U.S. penalties of perjury.  If necessary, I will seek intervention from the Court.

I don't know my client's long-term travel plans, and I don't think she knows them either. She does hope to return to the US eventually.

My client's deposition would still be under penalty of perjury. She's still a US citizen. And even if she wasn't, it wouldn't matter. The Federal Courts are open to all persons on earth who submit themselves to its jurisdiction. There is even precedent for Russian citizens testifying in US courts from space. Yuri Malenchenko - Wikipedia.

I am aware of no rules that could form the basis for your position here. This is a bench trial, and if you think that my client's deposition testimony should be given less weight because it was done remotely, you are welcome to argue that to the judge. Most likely, as has been apparent since the inception of this case, the judge will disregard her testimony, not because of her credibility, but rather because it is of no relevance to this case. But regardless of any of that, your opinion on what the court may or may not compel my client to do at some point in the future has no bearing whatsoever on your client's current overdue discovery obligations.

I first asked for dates on April 3rd. The only reason we are talking about this at all is your client refused to give me dates and has failed to attend two properly-noticed depositions, and now you are telling me you can't show up for the third properly-noticed deposition.

Your client can't just claim to be sick for her deposition and then latch on to any excuse not to sit for a rescheduled date. I am confident the court would agree with us. And if you win the lottery and the judge holds that the defendant's discovery obligations are suspended while the plaintiff is traveling, I doubt the Circuit would agree. There is extensive caselaw holding that discovery can occur in any sequence. The reason Congress included attorney's fees in the statute is to discourage obstructionism like this.

If you are flatly refusing to provide a date, please let me know so I can take appropriate action with the court. If you do not provide some dates and times (reasonable given the time difference) by Friday, I will represent to the court that your client simply refuses to sit for a deposition.

Thanks,

Daniel


Regards,

Phil

Philip L. Hirschhorn, Partner | **Panitch Schwarze Belisario & Nadel LLP** | 215-965-1257

**From:** Daniel Hornal <daniel@taloslaw.com>
**Sent:** Tuesday, June 13, 2023 10:13 PM
**To:** Philip Hirschhorn <phirschhorn@panitchlaw.com>
**Subject:** Re: McCabe v. Albright, 1:21-cv-00368-CKK: Deposition of Plaintiff After Defection to Russia

**External Email:** USE CAUTION.

Hi Phil,

While admittedly this is an unusual situation, I'm aware of no rule that would prevent my client from going forward with her case, and she has told me she still wishes to pursue it. Because your client has not provided any dates for deposition, I have attached a NOD for June 29 for your client.

Our position on my client's deposition remains as before. It is clear that an in-person deposition is excessive and unnecessary given the minimal relevance of my client's testimony. She didn't make illegal copies of the the book, your client did. She remains available for a properly-noticed remote deposition. Particularly given the fact that this is a bench trial, I am genuinely perplexed what advantage you hope to gain by doing it in person.

My client might be open to staying the case until after the election if that is something your client wants (as we've made clear, this case is in no way about the election), however, I know of no legal basis upon which to base a request to the court to stay discovery. Particularly given that your client's non-cooperation in sitting for a deposition may be cause for us to extend the discovery period, it's hard for me to justify staying that deposition now.

We remain open to reasonable settlement offers.

Best wishes,

Daniel

On 6/9/2023 8:32 AM, Philip Hirschhorn wrote:

> Daniel,
>
> My understanding from reporting in various publications and based on a YouTube video of a news conference held in Moscow on May 30, is that Plaintiff in the above-captioned action, Ms. McCabe, has elected to move to Moscow and seek citizenship there. At this time, based on her statements during the news conference, there is no indication that she intends to return to the United States and every indication that she intends to stay in Russia. As it stands, it is obvious that Ms. McCabe will not be available for deposition in the United States during the discovery period in this case.

My proposal is either that (1) your client dismiss her case or (2) that my client's deposition not go forward until Ms. McCabe is back in the United States and available for deposition. If neither of these alternatives works for Plaintiff, then we will take the issue before the Court.

Regards,

Phil

**Philip L. Hirschhorn, Partner**
**Panitch Schwarze Belisario & Nadel LLP**
**Intellectual Property Law**
PHirschhorn@panitchlaw.com
Direct: (215) 965-1257
Mobile: (973) 865-4718
Firm Mailing Address: Two Commerce Square| 2001 Market Street, Suite 2800 | Philadelphia, PA 19103-7044
www.panitchlaw.com

*(Admitted in NY, NJ, and PA)*



--
Daniel Hornal
Talos Law
www.taloslaw.com
(202) 709-9662

Admitted to practice in Washington D.C. and Washington State

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files; and return any printouts you may have made to us by regular mail.

--
Daniel Hornal
Talos Law
www.taloslaw.com
(202) 709-9662

Admitted to practice in Washington D.C. and Washington State

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this

document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files; and return any printouts you may have made to us by regular mail.