IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDRA TARA MCCABE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:21-cv-00368 (CKK) |
| v. | ) | |
| | ) | |
| SALLY ALBRIGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S COMBINED RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AND MOTION TO SUBSTITUTE PARTY AND
<u>SUGGESTION OF DISMISSAL FOR LACK OF STANDING</u>**

PANITCH SCHWARZE BELISARIO & NADEL LLP
Philip L. Hirschhorn
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
Fax: (215) 965-1331
phirschhorn@panitchlaw.com

*Counsel for Defendant Sally Albright*

Dated: August 4, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.     BACKGROUND FACTS ........................................................................................ 1

II.    LEGAL STANDARD ............................................................................................. 3

III.   ARGUMENT ......................................................................................................... 5

       A.     Plaintiff's Complaint Should Be Dismissed for Lack of Standing ......................... 5

       B.     No Sanction is Warranted Where Defendant Agreed to be Deposed and Plaintiff
              Refused to Commit to Her Deposition .................................................................. 6

       C.     No Sanctions Should Be Imposed Where Defendant Responded and Objected
              Properly to Requests for Admission ...................................................................... 7

       D.     Plaintiff's Motion to Substitute Should be Denied as a Litigation Tactic ................. 8

IV.    CONCLUSION ...................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Altman v. Bedford Cent. Sch. Dist.*,
   245 F.3d 49 (2d Cir. 2001)...........................................................................................3

*Automated Info. Processing, Inc. v. Genesys Sols. Grp., Inc.*,
   164 F.R.D. 1 (E.D.N.Y. 1995) ...................................................................................10

*Black Panther Party v. Smith*,
   661 F.2d 1243 (D.C. Cir.)...........................................................................................5

*Bonds v. District of Columbia*,
   93 F.3d 801 (D.C. Cir. 1996) ...................................................................................4, 8

*Branch Banking & Trust Co. v. Morehouse*,
   Civ. Action No. 10-0912, 2011 U.S. Dist. LEXIS 164343 (D.D.C. October 11, 2011).............5

*Buaiz v. United States*,
   2007 U.S. Dist. LEXIS 109421 (D.D.C. 2007).........................................................7

*Capitol Chem. Indus., Inc. v. Community Mgmt. Corp.*,
   887 F.2d 332 (D.C. Cir. 1989) ...................................................................................4

*Cent. Delta Water Agency v. United States*,
   306 F.3d 938 (9th Cir. 2002) .....................................................................................4

*Citibank v. Grupo Cupey, Inc.*,
   382 F.3d 29 (1st Cir. 2004).........................................................................................5

*Cobell v. Norton*,
   213 F.R.D. 43 (D.D.C. 2003) .....................................................................................7

*Comm'ns Imp. Exp., S.A. v. Republic of the Congo & Caisse Congolaise d'Amortissement's*,
   118 F.Supp.3d 220 (D.D.C. 2015) ............................................................................5

*Giles v. Transit Employees Fed. Credit Union*,
   794 F.3d 1 (D.C. Cir. 2015) .......................................................................................4

*Insurance Corp. v. Compagnie des Bauxites de Guinée*,
   456 U.S. 694 (1982) ...................................................................................................4

*Johnson v. Holway*,
   No. 03-cv-2513 (ESH), 2005 U.S. Dist. LEXIS 34787, 2005 WL 3307296
   (D.D.C. Dec. 6, 2005) ................................................................................................3

*Krottner v. Starbucks Corp.*,
   628 F.3d 1139 (9th Cir. 2010)....................................................................................4

*Lans v. Gateway 2000, Inc.*,
 84 F. Supp. 2d 112 (D.D.C. 1999)...................................................................................9-10

*Lewis v. Cont'l Bank Corp.*,
 494 U.S. 472, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) .........................................3

*Los Angeles v. Lyons*,
 461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) .............................................3

*McNair v. District of Columbia*,
 325 F.R.D. 20 (D.D.C. 2018) ......................................................................................8

*McNair v. Synapse Grp. Inc.*,
 672 F.3d 213 (3d Cir. 2012)........................................................................................3

*Nat'l Org. for Women v. Scheidler*,
 510 U.S. 249, 114 S. Ct. 798, 127 L. Ed. 2d 99 (1994) .............................................3

*Paleteria La Michoacana, Inc. v.  Productos Lacteos Tocumbo S.A. de C.V.*,
 292 F.R.D. 19 (D.D.C. 2013) ......................................................................................6

*Parsi v. Daioleslam*,
 778 F.3d 116 (D.C. Cir. 2015) ....................................................................................4

*Wheaton College v. Sibelius*,
 887 F.Supp.2d 102 (D.D.C. 2012)............................................................................3-5

## RULES

Federal Rule of Civil Procedure 25 ...........................................................................5

Federal Rule of Civil Procedure 37 ....................................................................4-5, 8

Defendant Sally Albright, by and through her counsel, submits a combined response to Plaintiff Alexandra Tara McCabe's: (1) Motion for Sanctions Under FRCP 37(d), and to Extend Discovery for The Plaintiff Only For 3 Months ("Discovery Motion," ECF 30) and (2) Motion to Substitute Party ("Substitution Motion," ECF 31). Significantly, because Plaintiff concedes in her Substitution Motion that she transferred copyright ownership before seeking substitution, Plaintiff lacks standing, and, therefore, this action should be dismissed for lack of subject matter jurisdiction. Even if the Court had subject matter jurisdiction, substitution should not be permitted as it is solely a bad faith tactic to avoid Plaintiff's deposition.

With respect to the Discovery Motion, because Plaintiff willfully and voluntarily made herself unavailable for deposition in the United States, Plaintiff's motions should be denied. In addition, contrary to Plaintiff's brief, Defendant stood and stands ready for her deposition should Plaintiff elect to fulfill her duty to prosecute the case. Moreover, Defendant Albright fulfilled all other discovery obligations and even the hint of sanctions against her is unjustified.

## I.  BACKGROUND FACTS

For months, the parties, through counsel, discussed dates for depositions of Plaintiff and Defendant. The parties scheduled the video deposition of Defendant on May 29, 2023, and Plaintiff's counsel agreed that Ms. McCabe would be made available a couple of weeks later. The day of her deposition, Ms. Albright was unwell and, through counsel, notified Plaintiff's counsel that she was unable to appear. The parties agreed to postpone her deposition, and Defendant paid the court reporter's appearance fee.

The next day, on May 30, 2023, Defendant learned that Plaintiff departed the United States and literally defected – seeking Russian citizenship and stating that she intended not to return to the United States. At that time, she participated in an eight-hour television talk show on Russian "Sputnik TV" asserting that the government of the United States was "out to get her,"

that she applied for expedited Russian citizenship, and that she would not return to the United States.  *See* https://www.youtube.com/watch?v=sXgazjmT0-c  She said that she communicated with Representative Matt Gaetz and that he informed her that he could not protect her if she came back to the United States.  She said that she had been subject to death threats and that someone tried to steal her horse.  For that reason, she said she had no intention to return to the United States in the foreseeable future.

Shortly after that, on June 9, Defendant sought written assurances that the Plaintiff would appear for deposition in the United States.  *See* ECF 32-1, Ex. A to Defendant's Discovery Motion, email string from June 9 to June 29, 2023, between Counsel.  Defendant offered two proposals – to have Plaintiff dismiss her case or to postpone the deposition of Defendant until such time as Plaintiff made herself available for deposition in the United States.  On June 13, Plaintiff's counsel responded.  On one hand, he refused to commit to bring his client back to the United States for deposition.  On the other hand, on June 20, Defense counsel again sought Plaintiff's deposition, but again, that request was rebuffed by Plaintiff's counsel.

During that back and forth, Defendant made clear that she was willing and ready to be deposed.  However, because Plaintiff refused to offer viable alternatives for her deposition, no deposition went forward.[1]

During the parties' meet and confer on Tuesday, July 18, the parties again raised and could not come to agreement on the deposition of Plaintiff.  After that, in keeping with the Court's direction to contact chambers to seek a conference before filing papers, Defendant's counsel agreed with Plaintiff's counsel that, due to his Pacific time zone residence, Defendant's

---

[1] Plaintiff sent a notice of deposition directed to Defendant for a date on which her counsel was unavailable due to prior commitments.

counsel would inform the Court of the issue and seek guidance.  The message was left, and

neither Mr. Hornal nor Defendant's counsel heard further from the Court for their last-minute

request.  Because of that, and because Plaintiff failed to commit to a deposition, Defendant

Albright was forced to file her motion.  (ECF No. 32).  While preparing her motion, Plaintiff

filed her Discovery Motion and Substitution Motion.

In the Substitution Motion, Plaintiff represents that she "has transferred the copyright on

the work that is the subject of this case."  ECF 31, at 1.  While no date is given, as of the date of

transfer and before seeking substitution by this Court, Plaintiff had no present interest in the

copyright (*id.*) and, therefore, no standing to maintain this action.

For the reasons set forth below, this case should be dismissed.

## II.    LEGAL STANDARD

Copyright actions, like all civil actions, require that a plaintiff have standing and maintain

standing throughout the course of the litigation.  *See, e.g., Wheaton College v. Sibelius*, 887

F.Supp.2d 102, 106 n.6 (D.D.C. 2012).  In *Wheaton College*, the court summarized this standing

requirement in a footnote as follows:

> However, the requirement that a plaintiff establish standing "continue[s] throughout
> the course of the litigation," *Johnson v. Holway*, No. 03-cv-2513 (ESH), 2005 U.S.
> Dist. LEXIS 34787, 2005 WL 3307296, at *25 (D.D.C. Dec. 6, 2005), because
> "'[i]f the plaintiff loses standing . . . during the pendency of the proceedings . . .,
> the matter becomes moot, and the court loses jurisdiction.'" *McNair v. Synapse
> Grp. Inc.*, 672 F.3d 213, 227 n.17 (3d Cir. 2012) (some alterations in the original)
> (quoting *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 69 (2d Cir. 2001)). Indeed,
> the standing "requirement subsists through all stages of federal judicial
> proceedings," and "it is not enough that a dispute was very much alive when suit
> was filed" because "[t]he parties must continue to have a 'personal stake in the
> outcome' of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct.
> 1249, 108 L. Ed. 2d 400 (1990) (citations and some internal quotation marks
> omitted) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L.
> Ed. 2d 675 (1983)). In sum, "Standing represents a jurisdictional requirement which
> remains open to review at all stages of the litigation." *Nat'l Org. for Women v.
> Scheidler*, 510 U.S. 249, 255, 114 S. Ct. 798, 127 L. Ed. 2d 99 (1994).

*Id.* "The party asserting federal jurisdiction bears the burden of establishing [that it has standing] at every stage of the litigation, as it does for 'any other essential element of the case.'" *Wheaton College,* 877 F.Supp.2d at 106 n.6 (quoting *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010) (quoting *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002)). Dismissal is a proper remedy for lack of standing. *See, e.g.*, *Wheaton College*, 887 F.3d at 113-14 (dismissing claim for lack of subject matter jurisdiction).

Federal Rule of Civil Procedure 37 governs sanctions for various discovery abuses. *See* Fed. R. Civ. P. 37. Plaintiff's assertion is that Defendant did not provide a subsequent date for deposition when Plaintiff also failed to provide a date for her deposition and apparently fled the United States for Russia. In such a case, the Court has the power to issue sanctions. "District courts have considerable discretion in managing discovery . . . and possess broad discretion to impose sanctions for discovery violations under Rule 37." *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015) (internal quotations omitted); s*ee also Giles v. Transit Employees Fed. Credit Union*, 794 F.3d 1, 14 (D.C. Cir. 2015) ("Under Rule 37, the district court has broad discretion to respond, or not to respond, to alleged abuses of the discovery process." (internal quotations omitted)). "The central requirement of Rule 37 is that 'any sanction must be just.'" *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (quoting *Insurance Corp. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982)). Under these standards, sanctions are only appropriate when the party's failure was substantially unjustified and not where other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(3).

Furthermore, Rule 37(d) requires a complete or total failure to respond before sanctions are appropriate. *See Capitol Chemical Industries, Inc. v. Community Management Corp.*, 887 F.2d 332 (D.C. Cir. 1989) ("However, upon a total failure to serve answers to interrogatories,

Rule 37(d) empowers a court, on motion, directly and immediately to enter sanctions under Rule 37(b)"); *Black Panther Party v. Smith*, 661 F.2d 1243 (D.C. Cir.) ("Appellees suggest that the District Court's order was authorized by Rule 37(d), which, as we stated above, confers power to make such orders as are just when a party completely fails to respond to interrogatories.").

Substitution is governed by Rule 25(c) which permits substitution where substitution would "facilitate the conduct of the litigation."  *See Comm'ns Imp. Exp., S.A. v. Republic of the Congo & Caisse Congolaise d'Amortissement's*, 118 F.Supp.3d 220, 231 (D.D.C. 2015) (quoting *Citibank v. Grupo Cupey, Inc.*, 382 F.3d 29, 32 (1st Cir. 2004)).  The rule is permissive and does not require substitution upon request.  *Comm'ns Imp. Exp., S.A.,* 118 F.Supp.3d at 231; *see also Branch Banking & Trust Co. v. Morehouse*, Civ. Action No. 10-0912, 2011 U.S. Dist. LEXIS 164343 (D.D.C. October 11, 2011) ("Rule 25(c) is a discretionary, procedural mechanism that does not affect the substantive rights of the parties or the adjudicative power of the court.").

## III.   ARGUMENT

### A.   Plaintiff's Complaint Should Be Dismissed for Lack of Standing

Plaintiff in her substitution motion concedes two important facts that will require this Court to address standing before it considers a motion to substitute:  (1) before bringing her motion for substitution, Plaintiff has already transferred all her interest in copyright TX 8-908-695 to her daughter without joining her as a party, and (2) Plaintiff has "no remaining interest in this litigation."  *See* ECF 31, at 1.

As noted above, to bring and maintain an action for copyright infringement, a plaintiff must be the owner of a valid copyright and must prove the statutory requirements for a copyright violation.  *See, e.g., Wheaton College*, 877 F.3d at 106 n.6.  Because Plaintiff has "no remaining interest" in the copyright, as the sole party-plaintiff, her claim not supported by standing and must be dismissed.

**B.** **No Sanction is Warranted Where Defendant Agreed to be Deposed and Plaintiff Refused to Commit to Her Deposition**

Contrary to Plaintiff's assertions, Defendant never refused to be deposed. Indeed, she was prepared to be deposed on May 29, but woke in the early AM feeling unwell. After that, Plaintiff literally left the country, refused to provide a deposition, and, seeking assurances, counsel for the parties effectively squabbled throughout June and into July. Defendant objected to being deposed unilaterally after learning about Plaintiff's voluntary defection from the United States on or about May 30, 2023, and Plaintiff's counsel refused to provide assurances that Plaintiff would be made available for deposition either in person in this District or by video elsewhere in the United States.

This is not a case where Defendant was demanding that Plaintiff's deposition precede her deposition. In fact, had she been able to proceed on May 29, her deposition would have gone forward first. And Defendant never sought for her deposition to be after Plaintiff's. Instead, Defendant only sought assurances that deposition of the two parties would be reciprocal. Ms. McCabe brought this action and, for whatever reason, left the United States and traveled to Russia. Once in Russia, she held a news conference saying that she would not return to the United States, at least during the current administration. Given that context, the parties failed to nail down dates for either deposition resulting in conflicting motions.

In this case, it would be unjust for Plaintiff to unilaterally depose Defendant without making herself available for deposition. For that reason, granting Plaintiff's Discovery Motion would not meet the standards of fairness that courts should follow.

In cases in this district, a defendant can legitimately insist on an in-person deposition in the forum that the plaintiff chose to commence the litigation. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 24, at *4 (D.D.C. 2013), citing

*Cobell v. Norton*, 213 F.R.D. 43, 47 (D.D.C. 2003) ("[a] party that chooses to initiate litigation and invoke the legal protections of the forum should expect to appear for deposition in that jurisdiction."); also see *Buaiz v. United States*, 2007 U.S. Dist. LEXIS 109421, at *2 (D.D.C. 2007) ("Mr. Buaiz chose to sue the United States in the District of Columbia and not in Tennessee. He has therefore voluntarily submitted to the jurisdiction of this Court and voluntarily made this the locus of his lawsuit. Mr. LoCurto can legitimately insist on an in-person deposition and can also insist that it be taken in D.C. where the suit is pending.").  In this case, the ability to observe the deponent's reactions in person is particularly important given that the requested deposition is of the Plaintiff.  Furthermore, as Plaintiff has defected from the United States, taking a deposition remotely combines the twin problems of a lack of trustworthiness and an inability to bring the Plaintiff back to the United States to face the penalties of perjury.

  **C. No Sanctions Should Be Imposed Where Defendant Responded and Objected Properly to Requests for Admission**

   In Plaintiff's Discovery Motion, Plaintiff apparently seeks sanctions related to RFAs that were answered, but not to Plaintiff's liking.  Plaintiff cites only to RFAs 56-62 and 64.  Defendant responded to Plaintiff's Requests for Admission Nos. 1-66 (the "RFAs") initially on March 16, 2023.  Defendant admitted 41 of the 65 RFAs (one, No. 9, was "reserved").  Defendant denied several requests, including 56, 60, and 61, and included in each an additional objection as to relevancy discussed with respect to RFA 59 below.  Defendant objected to that response, Defendant further objected to certain RFAs as duplicative of prior RFAs.  In each of these instances, Plaintiff sought an admission to whether a "post" was by Defendant.  Defendant had previously admitted to the post, yet the new screen shot included other posts from other individuals, but no new substance of the Defendant.  Defendant later admitted to each of the RFAs raised by Plaintiff under this objection.

Defendant denied or objected to a series of RFAs (59-62) that related solely to Mr. Hornal's asserted efforts to contact Ms. Albright on or about May 29, 2021 (or so the admission reflects). *See, e.g.,* RFA No. 60 (Defendant "read the tweets by @LawTalos reproduced in discovery as Albright-Violation 00060 on or about May 29, 2021.") Defendant denied the RFA and also objected that the RFA is not relevant to the dispute. The same is true for RFA 61. Plaintiff still has not explained the relevancy of the requests, and Plaintiff has not demonstrated that any response was sanctionable.

With respect to RFA 64, Plaintiff argues that the RFA response is bizarre. Here, Defendant denied the RFA, but admitted that certain events occurred. What is bizarre is that Plaintiff cannot see the difference between organizing a live reading of sections of a book and organizing a live discussion of the same book. When the issue relates to "organizing", that could be meaningful and that part is denied.

In determining whether a party's conduct warrants harsh sanctions, "[t]he central requirement of any Rule 37 sanction is that it be just. Thus, Rule 37 is bound by the 'concept of proportionality' between offense and sanction." *See McNair v. District of Columbia*, 325 F.R.D. 20, 21 (D.D.C. 2018) (following *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)). When deciding whether to impose a severe sanction, a court may consider "the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." *Id.* Here, Plaintiff is playing a game – not providing admissions relevant to the dispute and then crying foul when those admissions are not answered the way Plaintiff would like. No sanction is warranted against Defendant in this case.

### D.    Plaintiff's Motion to Substitute Should be Denied as a Litigation Tactic

Defendant normally would not care whether or not Plaintiff decided to transfer ownership of her copyright assuming that it was done correctly and that proof of that transfer was provided.

Here, no transfer documents were provided to Defendant or the Court.  But even if they had been presented, the significant issue is that the sole purpose of the transfer is to avoid Plaintiff's deposition and default by fleeing the country.   Because the substitution of a party is permissive, this Court should deny substitution.

As Plaintiff admitted, the purpose of substitution is to "eliminate any argument that may have existed on this litigation because of Alexandra Tara McCabe's absence from the country" and "Ms. McCabe is currently traveling internationally and has no immediately [*sic*] plans to return to the United States".  *See* ECF No. 31, pp. 1-2. Therefore, Plaintiff's Substitution Motion is nothing more than a vehicle to cover Ms. McCabe's failure to appear with a fig leaf of copyright transfer.

Defendant disagrees with Plaintiff's statement that "there is now simply no role for Ms. Alexandra Tara McCabe to play in this litigation, as a witness or otherwise." (ECF No. 31, p. 1.) The fact is that, contrary to Plaintiff's arguments, Ms. McCabe is an important fact witness in this case. She is not only the author of the supposedly copied text, but also the one who asserts that Defendant is having a Twitter war with her.  Furthermore, she is the one who makes assertions in her book that were laid bare as false during Defendant's analysis of a chapter in which Plaintiff asserted sexual misconduct by the now-current President.  All of this relates to Defendant's fair use defense.  Further, Defendant is entitled to learn from Plaintiff a deposition all of the facts regarding the copyright application and the assertions made in the complaint.  Those questions cannot be answered by her daughter or any other person.

In *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999), defendant discovered that plaintiff had assigned all interest in the asserted patent to plaintiff's corporation, and, thus, plaintiff lacked the requisite standing to bring and maintain a patent infringement claim.  The court denied plaintiff's motion to substitute plaintiffs and granted defendant's motion for summary

judgment when "nothing about the situation here suggests that justice requires the relief the 'new' plaintiffs seek." *Id.* (citing *Automated Info. Processing, Inc. v. Genesys Sols. Grp., Inc.*, 164 F.R.D. 1 (E.D.N.Y. 1995)).

This case is not about an alleged copyright infringer making economic gains; instead, both parties posted content on social media about the other party. Ms. Alexandra Tara McCabe's book is highly controversial and politically sensitive, the truthfulness of her story has been questioned in previous legal proceedings, and an affirmative defense relied on by Defendant is fair use. All the above require Ms. Alexandra Tara McCabe, herself, to be deposed as a fact witness in this case.

In the alternative, Plaintiff's Motion to Substitute Party did not include a written assignment that was duly executed by Ms. Alexandra Tara McCabe, which should be registered with the U.S. Copyright Office. Therefore, it is reasonable to question whether Ms. Michaela McCabe has legally and fairly acquired the full interest of the copyright, or if the claimed transfer is simply a sham to let Ms. Michaela McCabe act as a puppet for her mother. Defendant further argues that whether the court is going to approve the transfer of the copyright interest depends on the stage of the copyright infringement. In this case, even if the claimed transfer was genuine, which is denied by Defendant, the substitution of party may be granted when the discovery is closed. Plaintiff should not be exempted from her obligations of deposition by unjustly using this Motion to Substitute Party as a vehicle.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's

motion and dismiss Plaintiff's complaint for lack of standing.


Dated: August 4, 2023                              PANITCH SCHWARZE BELISARIO & NADEL LLP

Philip L. Hirschhorn
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
Fax: (215) 965-1331
phirschhorn@panitchlaw.com

*Counsel for Defendant Sally Albright*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 4, 2023, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system. Electronic service will be completed on all counsel of record by operation of the Court's Electronic Filing System and transmission of the Notice of Electronic Filing.

_____
Philip L. Hirschhorn