IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alexandra Tara McCabe <br><br> PLAINTIFF <br> vs. <br><br> Sally Albright <br><br> DEFENDANTS | ) <br> ) <br> ) Civil Action No. 21-cv-368 <br> ) <br> ) <br> ) <br> ) **OPPOSITION TO MOTION FOR** <br> ) **SANCTIONS** <br> ) <br> ) |

**OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

**Introduction and summary of argument**

Ms. McCabe[1] was always willing to sit for a remote deposition, but objected to Ms. Albright's demand that the deposition be held in person, given the minuscule importance of her testimony to the case, and the expensive burden of several cross-country flights, hotels and associated costs that would have been necessary. This was Ms. McCabe's position before she left the United States, and her departure from the country did not change it, nor did her departure have anything to do with this case. Had Ms. Albright served a notice of in-person deposition, Ms. McCabe would have filed a motion for a protective order for these and other reasons, and the court would have, by regular procedures, resolved the dispute appropriately.

Ms. Albright never served a notice of deposition. Therefore, Ms. McCabe had no discovery obligation in the first place. There is simply nothing to sanction Ms. McCabe for.

---

1   Plaintiff Alexandra Tara McCabe legally changed her name back to Ms. Reade (her birth name) after the filing of this lawsuit. This is why the Affidavit is signed in the name of Ms. Reade. If the court does not grant her request to substitute her daughter, she will file a request to amend the pleadings to reflect her name change.

**Facts**

1. This is a copyright violation case.
2. It is uncontested that Ms. McCabe holds the copyright to the book.
3. The only contested issues in this litigation is whether or not Defendant's conduct constituted a violation of Ms. McCabe's copyright, if the infringement was willful or malicious, and the amount of damages.
4. Plaintiff's conduct is not at issue in this case. Her only role in the lawsuit was as the copyright holder.
5. For the vast majority of the discovery period, Ms. McCabe was living in Washington State.
6. The undersigned attorney resides in Washington State.
7. The lawsuit was filed in the District of Columbia because Defendant could be found there.
8. On May 12, 2023, Plaintiff first requested dates for Defendant's deposition. Plaintiff requested a remote deposition for the convenience of all parties. Plaintiff severed several notices of deposition, but Defendant refused to cooperate.
9. On May 9, Defendant requested dates for Plaintiff's in-person deposition.
10. On May 15, Plaintiff's replied via email that Plaintiff was willing to sit for a deposition, but only a remote deposition, as an in-person deposition was far too burdensome given the fact that Plaintiff's conduct was not at issue in this litigation. Plaintiff also suggested a date and time.
11. On May 15, Defendant's stated that "we will reserve all rights and take the deposition by video. If your client fails to respond to questions or the like, we will seek a renewed deposition in the District."
12. In this email, counsel for Defendant affirmed his intention to ask Ms. McCabe about her sexual assault from the 1990s. ("You suggest that your client's testimony has no relevancy to the dispute. We disagree. Your client made charged assertions in a politically relevant book just in

time for a hotly contested presidential election. Her factual recitation of certain events will be very important to my client's defenses and as an overall investigation of your client's credibility.")

13. Defendant submitted inappropriate discovery requests which also had made it clear that she had ulterior motives for taking Ms. McCabe's deposition. For example, Defendant's Request No. 8 requested "All contemporaneous documents supporting Plaintiff's contention that she suffered "sexual assault" at or near the time of the event as alleged in paragraph 15 of the Complaint."

14. Defendant has never proffered a good-faith reason to take Ms. McCabe's deposition in person.

15. Had Ms. Albright noticed Ms. McCabe's deposition in person, Ms. McCabe would have filed a motion for a protective order.

16. Despite stating that he would take the deposition remotely and take the deposition by video, Ms. Albright's attorney never noticed the deposition or responded to the offered deposition date and time.

17. Ms. McCabe transferred the copyright to her daughter because she was the intended beneficiary of any profits from the book, and because if there were need for the copyright holder to testify at the trial, that would be difficult if she had not yet returned to the United States.

18. The transfer was made on July 19, well after the last date that Ms. Albright could have noticed Ms. McCabe's deposition and have it be completed before the close of discovery.

19. It is legal for Citizens of the United States to travel to the Russian Federation. It is also legal for citizens of the Russian Federation to travel to the United States.

20. The Russian Federation and the United States are not at war.

21. The statement in Defendant's motion that "Defendant stands in the unique position of having a plaintiff, Ms. McCabe, who decided to voluntarily defect from the United States on or about May 30, 2023" is a non sequitor. The United States and the Russian Federation are not at war.

      Ms. McCabe has never said that she is defecting. Ms. McCabe is not in the military. She has no state secrets. She is a free citizen of the United States, and has the same rights and freedom to travel as any other free citizen.

22. Attorney for Plaintiff did not watch the "8-hour press conference." Had attorney for Plaintiff watched the video, he would have known that while the video posted to YouTube is 9 hours in length, it is an approximately 1-hour press conference that was streamed as a loop.

23. In the video, Ms. McCabe explicitly said that she intends to retain her United States Citizenship. *See* https://www.youtube.com/watch?v=sXgazjmT0-c at 12:40.

24. Ms. McCabe has no desire to give up her United States Citizenship. If she were to do so, she would be a stateless person. *See* Ex. 1, Affidavit of Tara Reade.

25. In the press conference, Ms. McCabe explains her reasons for traveling, and why she has not returned yet.

26. These reasons are of no relevance to this case.

## Argument

**Plaintiff did offer a date and time for a deposition**

      Defendant requests sanctions for failure to offer a date for a deposition. Plaintiff did offer a date. See Ex. 2, email chain (offering a remote deposition on Friday, June 9 with a proposed time of 1pm Eastern.) Defendant never rejected nor accepted this date, although she did agree to take a remote deposition. See *id*. At the time the date was offered, Ms. McCabe intended to be back at her home when the deposition was taken.

**Defendant's motion has no basis under the Rules**

Page 4 of 8

Defendant's motion must be denied because Defendant did not follow the proper procedure to compel Ms. McCabe's attendance at a deposition. Under the Rules, a party has one way, and only one way, to challenge a proposed deposition under conditions they believe to be improper. A party must must file a motion for a protective order under Fed. R. Civ. P. 26(c)(1). There is no basis for filing a protective order until a notice of deposition has been served.

Defendant now asks for dismissal – the most severe sanction available, reserved for grave or repeated violations of the Rules – as a sanction for "Plaintiff's refusal to off herself for deposition." *See* Def. Mot. at 3. Plaintiff was under no obligation to offer a date.[2] Plaintiff objected to an in-person deposition, explicitly stated so and the reasons for doing so, and did not intend to waive her objection by voluntarily scheduling an in-person deposition. Had the deposition been noticed, Ms. McCabe would have filed for a protective order in due course. Ms. McCabe could not file for the protective order, because the issue is not ripe until she has received a notice of deposition for her to dispute.

Ms. Albright has not specified any specific provision of the discovery rules that she alleges Ms. McCabe has violated. Ms. Albright cites only "Rule 37 and the Court's inherent powers." Ms. Albright has not identified what section of Rule 37 plaintiff has violated, and Plaintiff has no idea what it could be. Plaintiff is aware of no rule that would permit a party to withhold discovery because they are dissatisfied with discovery responses from opposing counsel. In fact, the rule is the opposite. See Fed. R. Civ P. 26 (d)(3) ("Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery.")

---

2  For defendant to argue that a case should be dismissed for mere failure to affirmatively offer dates for a prospective Notice of Deposition is particularly ironic, given that Defendant repeatedly refused to give dates for her deposition, forcing Plaintiff to unilaterally serve a notice, and then amend the notice when Defendant noted unavailability for the deposition. Defendant repeated her behavior for the second attempted deposition, before finally coming clean that she was refusing to sit for any deposition.

Defendant attempts to justify her latest refusal to sit for a deposition because she claims that Ms. McCabe has "defected." Even if Ms. McCabe had given up her citizenship – which again, she has not done and has no desire to ever do – such an action is not a violation of Rule 37 or any other Rule. The United States Federal Courts are open to all with claims under its jurisdiction, and make no distinction by nationality.

Defendant had ample time to take Ms. McCabe's deposition. Defendant never noticed Ms. McCabe's deposition, neither in the many months before she left the country, nor in the past few weeks while Ms. McCabe has been outside the country. Defendant, on the eve of the close of discovery, asks the court to sanction Ms. McCabe with dismissal as a sanction for refusing to sit for a deposition that was never noticed. Defendants motion seems inexplicable, but can be better understood when viewed in context.

Defendant blatantly, knowingly and publicly violated Ms. McCabe's copyright, specifically stating that she was doing it to hurt the success of her book. *See* Ex. 3, Tweets. After reviving notice of the lawsuit, she doubled down, reposing the book and stating "what is she going to do me, sue twice?" *Id*. She refused to voluntarily acknowledge service and dodged service for approximately 9 months, necessitating repeated motions practice. *See* Minute Order, 5/12/21 (extending time for service), Dkt. 7, Motion to Permit Service by Alternate Means, Dkt. 9, Motion to Extend Time for Service. Once she joined the lawsuit, she issued discovery requests about a traumatic sexual assault that occurred 30 years prior, and insisted on a burdensome and expensive in-person deposition where he Ms. Albright intended to grill Ms. McCabe about her sexual assault. *See* argument, infra. Despite this, she refused to sit for her own deposition with no legal justification whatsoever. *Id*. Finally, Ms. Albright requests the most severe sanction, dismissal, when such a remedy is contrary to the long-settled rules in this circuit. *See Bonds v. District of Columbia*, 93 F.3d 801 (D.C. Cir. 1996) ("Particularly in the context of litigation-ending sanctions, we have insisted that since our system favors the disposition of cases on the

merits, dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success or would obviously prove futile.") [internal punctuation omitted].

Defendant's motion is frivolous and part of a pattern of misconduct, is delaying this case and multiplying the proceedings. Plaintiff respectfully requests that sanctions be issued.

**The rules require that Defendant be ordered to pay fees for this opposition.**

Rule 37 (a)(5)(B) states "If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Defendant's motion for sanctions is wholly without basis in law. Therefore, the relief requested in the motion is not "substantially justified." For Defendant to file a motion for sanctions for discovery that the Defendant never formally requested immediately after Plaintiff's motion to compel suggests that the motion for sanctions was filed for an improper purpose.

<u>**Conclusion**</u>

Ms. Albright's motion for sanctions is frivolous and filed for an improper purpose. Plaintiff requests that the motion be denied, and further requests that the court order the payment of costs and fees, deny Defendant any further discovery and grant the relief requested in Plaintiff's Motion to Compel.

                                                Respectfully Submitted,

                                                _____/s/_____
                                                Daniel Hornal
                                                DC Bar #1005381
                                                Talos Law
                                                615 E Chestnut St.
                                                Bellingham, WA 98225
                                                (202) 709-9662
                                                daniel@taloslaw.com