On 5/15/2023 4:38 PM, Philip Hirschhorn wrote:

Daniel,

I did not agree to do the deposition at your convenience other than not to do it at 9 am.  We can start at 11 am.

That being said,  we will not proceed with the deposition if your client hasn't provided us with her *complete* interrogatory responses.  I have scanned and see that you are posing unspecified overbreadth and vagueness objections.  As you know, asking for your client's evidence related to her complaint is hardly objectionable as either overbroad or vague.  Please explain how either of those are true with respect to any of the interrogatories.  We are not going forward with a deposition when your client won't come forward with her case.

We will also be sending additional discovery shortly unless you want to do something more informal – but I will need it formalized in some way.  For example, you have provided screen shots and video without any indication of source.  (Your interrogatories suggest different sources without any identification of the source.  We will need some indication of the source or we will object to the use of any of those materials.

I disagree that there is no reason to take your client's deposition in person.  She brought suit in the DDC.  She chose a forum, and she has an obligation to provide her deposition in that forum.  ==Nevertheless, we will reserve all rights and take the deposition by video.  If your client fails to respond to questions or the like, we will seek a renewed deposition in the District.==

You suggest that your client's testimony has no relevancy to the dispute.  We disagree. Your client made charged assertions in a politically relevant book just in time for a hotly contested presidential election.  Her factual recitation of certain events will be very important to my client's defenses and as an overall investigation of your client's credibility.

As for our discovery discussion, let's set if for 2 pm ET on May 26.

**Exhibit 2, Emails**

I look forward to your response.

Regards,

Phil

Philip L. Hirschhorn, Partner | **[Panitch Schwarze Belisario & Nadel LLP](#)** | 215-965-1257

**From:** Daniel Hornal <daniel@taloslaw.com>

**Sent:** Monday, May 15, 2023 4:29 AM

**To:** Philip Hirschhorn <phirschhorn@panitchlaw.com>

**Subject:** Re: McCabe v. Albright/ Deposition schedule / Interrog answers

**External Email:** USE CAUTION.

Hi Phil,

We'll do your client's deposition at 1pm Eastern Time on the 25th. Will you be available for a discovery dispute conference on the 26th or 27th?

My client can do her deposition, remotely, on Friday, June 9. I will double check what time she can do it, but assume it will be around 1pm Eastern.

There is absolutely no reason to take her deposition in person, particularly given how little relevancy her testimony will have to this copyright dispute. It's 2023, so remote is the norm, and there is absolutely no justification for me and my client to spend days flying across the country. Regardless, my client works more than full time and could not possibly get the time off work. Fridays are the only day she has some flexibility.

Obviously, if you insist upon doing the deposition remotely, we will move for a protective order.

I've attached our executed interrogatory responses. Excuse the incorrect date on the certificate of service.

**Exhibit 2, Emails**

I expected to have a formal response to your discovery dispute letter earlier this week, but it will be coming soon.

Best,

Daniel

On 5/12/2023 11:24 AM, Philip Hirschhorn wrote:

> Daniel,
>
> Let me know what time you want to start the deposition on the 25th. Also, please provide dates for your client's deposition as well.
>
> Thanks,
>
> Phil
>
> Philip L. Hirschhorn, Partner | **[Panitch Schwarze Belisario & Nadel LLP](#)** | 215-965-1257

**Exhibit 2, Emails**