IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRA TARA MCCABE,          )<br>                                 )<br>        Plaintiff,               )<br>                                 )<br>    v.                           )<br>                                 )<br>SALLY ALBRIGHT, et al.           )<br>                                 )<br>        Defendants.              )<br>                                 )<br>                                 ) | C.A. No. 1:21-cv-00368 (CKK) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR SANCTIONS, INCLUDING DISMISSAL OF THE COMPLAINT,
<u>FOR FAILURE OF PLAINTIFF TO APPEAR FOR DEPOSITION</u>**

PANITCH SCHWARZE BELISARIO & NADEL LLP
Philip L. Hirschhorn
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
Fax: (215) 965-1331
phirschhorn@panitchlaw.com

*Counsel for Defendant Sally Albright*

Dated: August 11, 2023

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    VIDEO DEPOSITION IN RUSSIA WOULD NOT BE PERMISSIBLE UNDER THE HAGUE CONVENTION ................................................................................................ 2

II.   DEFENDANT IS ENTITLED TO DEPOSE PLAINTIFF IN-PERSON IN THE DISTRICT OF COLUMBIA ................................................................................................ 3

III.  CONCLUSION ................................................................................................................ 3

## **TABLE OF AUTHORITIES**

**CASES**

*Buaiz v. United States,*
  2007 U.S. Dist. LEXIS 109421 (D.D.C. 2007) ........................................................................... 3

*Cobell v. Norton*,
  213 F.R.D. 43 (D.D.C. 2003) .................................................................................................... 3

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*,
  292 F.R.D. 19 (D.D.C. 2013) .................................................................................................... 3

*United States SEC v. Collector's Coffee Inc.*,
  2020 U.S. Dist. LEXIS 126369 (S.D.N.Y. 2020) ...................................................................... 2

**STATUTES AND TREATIES**

*Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters*,
  done March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231, codified at 28 U.S.C. § 1781 ....... 1-2

Defendant Sally Albright ("Defendant" or "Albright"), by and through her counsel, submits this reply memorandum in further support of her Motion for Sanctions, Including Dismissal of The Complaint, For Failure of Plaintiff to Appear for Deposition (ECF 32, "Motion").

While Plaintiff Alexandra Tara McCabe ("Plaintiff" or "McCabe") seems to view her taking up permanent residence and saying that she is seeking expedited Russian citizenship as an asylee in her Russian media conference as somehow a *non-sequitur* and counsel offers that her testimony is not relevant to any issue in the case,[1] he provides no legal or factual support for those issues.[2] The fact is that while Defendant was willing to take a video deposition of the Plaintiff while she was in the United States as a compromise, that was before Plaintiff opted to leave the country and put herself beyond the powers of United States law and travel to Russia where depositions are illegal. Despite the Opposition (ECF 35), the tactical nature of Ms. McCabe's foray to Russia includes avoiding this deposition.

Regarding a deposition other than in the United States, Russia is not a member of the Hague Evidence Convention. As discussed below, the Russian government has declared that depositions are not permitted in Russia and any violations could result in criminal penalties. Therefore, it is impractical or impossible to depose Plaintiff remotely while she is physically in Russia.

Contrary to Plaintiff's claim that her conduct "is not at issue in this case" (Opposition at p. 2), Plaintiff is a necessary fact witness who posted about Defendant on her Twitter accounts, a fact that is part of her complaint and underlies her claim to enhanced damages. *See* ECF 1, ¶ 18, 35, 50. Furthermore, Defendant intends to demonstrate that her fair use is justified, *i.e.*, that many of

---

[1] The media conference is viewable here: https://www.youtube.com/live/sXgazjmT0-c?feature=share.

[2] Ms. McCabe's/Reade's declaration is improper under 28 U.S.C. § 1746 due to its failure to execute with the proper acknowledgement of the laws of the United States when the unsworn declaration is made "without the United States."

Plaintiff's assertions in her book, including past allegations of sexual misconduct by the President of the United States, were false.  Defendant is entitled to depose Plaintiff in person regarding the copyright application and the assertions made in the complaint.  Those questions cannot be answered by Plaintiff's daughter or any other person.

For the above reasons, Ms. McCabe's lawsuit should be dismissed for failure to prosecute.  In the alternative, the Court should compel Plaintiff to attend an in-person deposition in the District of Columbia. Also, Defendant should be awarded attorney's fees for this motion.

I. **VIDEO DEPOSITION IN RUSSIA WOULD NOT BE PERMISSIBLE UNDER THE HAGUE CONVENTION**

Plaintiff stated that "the Russian Federation and the United States are not at war" (Opposition at p. 3). This is irrelevant and not what Defendant claimed in the Motion. Russia is not a member of The Hague Evidence Convention.[3] Furthermore, Russian law prohibits the taking of depositions in Russia, including under the Hague Convention. *See United States SEC v. Collector's Coffee Inc*., 2020 U.S. Dist. LEXIS 126369, at *10 (S.D.N.Y. 2020) ("Moreover, as the State Department explains: 'The Russian Federation does not permit the taking of voluntary depositions of willing witnesses in civil and commercial matters.' *State Department Information*. Thus, in the absence of contrary authority, we have no reason to believe that a video deposition in Russia would be permissible under the Hague Convention.").  Defendant, thus, is left with no recourse in taking the Plaintiff's deposition.

---

[3] Hague Conference on Private International Law, State Responses: https://www.hcch.net/en/publications-and-studies/details4/?pid=6546&dtid=42

- 3 -

## II. DEFENDANT IS ENTITLED TO DEPOSE PLAINTIFF IN-PERSON IN THE DISTRICT OF COLUMBIA

In her Opposition, Plaintiff argued that she objected to Defendant's demand that the deposition be held in person because of "the expensive burden of several cross-country flights, hotels and associated costs" (Opposition at p. 1). This is unwarranted.

Although a defendant may agree to depose the plaintiff remotely, the defendant can legitimately insist on an in-person deposition. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 24, at *4 (D.D.C. 2013), citing *Cobell v. Norton*, 213 F.R.D. 43, 47 (D.D.C. 2003) ("[a] party that chooses to initiate litigation and invoke the legal protections of the forum should expect to appear for deposition in that jurisdiction."); *see also Buaiz v. United States*, 2007 U.S. Dist. LEXIS 109421, at *2 (D.D.C. 2007) ("Mr. Buaiz chose to sue the United States in the District of Columbia and not in Tennessee. He has therefore voluntarily submitted to the jurisdiction of this Court and voluntarily made this the locus of his lawsuit. Mr. LoCurto can legitimately insist on an in-person deposition and can also insist that it be taken in D.C. where the suit is pending.").

Defendant believes an in-person deposition is necessary under the unique circumstances of this case. Further, there is a legitimate concern that Plaintiff would not be subject to any perjury penalties of the United States if she testifies from a country that has no extradition agreement with the United States.

## III. CONCLUSION

For the foregoing reasons, Defendants request the Court to grant Defendant's motion, and Plaintiff's complaint should be dismissed, and Defendant should be awarded attorney's fees for Plaintiff's sanctionable conduct.

- 4 -

Dated: August 11, 2023                             PANITCH SCHWARZE BELISARIO & NADEL LLP

_____
Philip L. Hirschhorn
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
Fax: (215) 965-1331
phirschhorn@panitchlaw.com

*Counsel for Defendant Sally Albright*