UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEXANDRA TARA MCCABE,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SALLY ALBRIGHT,** *et al.*, <br><br> **Defendants.** | No. 21-cv-368-CKK-ZMF |

## MEMORANDUM OPINION & ORDER[1]

Plaintiff Alexandra Tara McCabe, a/k/a Tara Reade, and Defendant Sally Albright each move for sanctions against the other for failing to sit for respective depositions. For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART both motions.

## I.     BACKGROUND

Plaintiff Alexandra Tara McCabe filed suit in February 2021 against Defendants Sally Albright and twenty John Does for alleged copyright violation. Compl. ¶ 1, ECF No. 1. McCabe had published a book in October 2020. *See id.*; Defs.' Reply Opp'n Mot. Sanctions ("Defs.' Reply") 2, ECF No. 36. McCabe alleges that Albright shared copies and conducted a public reading of the book online in violation of her copyright. Compl. ¶ 1.

The present discovery dispute concerns both parties' failure to sit for depositions. *See* Pl.'s Mot. Sanctions ("Pl.'s Mot."), ECF No. 30; Defs.' Mot. Sanctions ("Defs.' Mot."), ECF No. 32.

---

[1] This is a final order issued pursuant to Local Rule 72.2. Per Local Rule 72.2(b), any party who objects to this Order must file a written objection with the Clerk of this Court within fourteen days of the party's receipt of this Order. When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c).

The dispute began in May 2023, when the parties attempted to schedule each other's depositions. McCabe noticed Albright for a deposition to occur virtually on May 25, 2023. *See* Pl.'s Mot. at 2; Defs.' Mot. at 2 (putting the date at May 29th); Pl.'s Opp'n Defs.' Mot. ("Pl.'s Opp'n"), Ex. 2, Emails from May 12 to May 15 ("May Emails") 1, ECF No. 35-2 (scheduling for May 25th). Albright attempted to schedule a deposition of McCabe to occur virtually, although she reserved her right to insist on an in-person deposition. *See* May Emails at 2. The parties floated days in early June for McCabe's deposition; however, McCabe was not formally noticed. *See id.*; Pl.'s Opp'n at 1–3, ECF No. 35. Albright cancelled her deposition the morning of due to illness. *See* Pl.'s Mot. at 2; Defs.' Mot. at 2. Immediately thereafter, McCabe moved to Russia and held a press conference in which she announced that she would seek Russian citizenship on account of her treatment in the United States. Defs.' Mot. at 2; *see* Tara Reade, *BREAKING: A Statement and Press Conference from Tara Reade @ReadeAlexandra*, Youtube, at 12:17 (May 30, 2023), https://www.youtube.com/watch?v=sXgazjmT0-c.

On June 13, 2023, McCabe informed Albright that McCabe would not return to the United States for an in-person deposition, although she remained available for a remote deposition from Russia. *See* Defs.' Mot., Ex. A, Emails from June 9 to June 29 ("June Emails") 4, ECF No. 32-1. McCabe noticed Albright for a rescheduled deposition on June 29, 2023. *Id.* On June 29, 2023, Albright informed McCabe that Albright would not sit for a deposition until McCabe indicated a willingness to return to the United States for an in-person deposition. *Id.* at 2.

Neither deposition has occurred and the parties are at a standoff. McCabe requests that Albright be assessed a $5,000 penalty and related attorney's fees; an order compelling Albright to attend a deposition; and the extension of discovery for two months beyond the deposition date. Pl.'s Mot. at 2, 7; *see also* Pl.'s Reply Opp'n Mot. Sanctions ("Pl.'s Reply") 8, ECF No. 37 (asking

for increased sanctions). Albright requests that McCabe be assessed costs of her motion and that the lawsuit be dismissed for failure to prosecute, or that McCabe be ordered to attend a deposition in the District. Defs.' Mot. at 2, 4.

## II. LEGAL STANDARD

"District courts . . . possess broad discretion to impose sanctions for discovery violations under Rule 37." *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 25 (D.D.C. 2015) (quoting *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015)). "The central requirement of Rule 37 is that 'any sanction must be just.'" *Id.* (quoting *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)). Courts seek to "balance[e] the need to fashion a sanction that would provide appropriate deterrence against the need to avoid being unjustly punitive." *Id.* at 29.

Federal Rule of Civil Procedure 37(d)(1)(A) directs that the court "may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)," Fed. R. Civ. P. 37(d)(3), which include "dismissing the action on proceeding in whole or in part," Fed. R. Civ. P. 37(b)(2)(A)(v). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." Fed. R. Civ. P. 37(d)(3).

## III. DISCUSSION

### A. Defendant Albright's Motion for Sanctions

#### 1. *Rule 37(d) Sanctions*

Rule 37(d)(1)(A) authorizes sanctions for failing to appear for a deposition only "after being served with proper notice." Notice requirements are described in Rule 30(b)(1): "A party

3

who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1).

Albright did not notice a deposition of McCabe. *See* May Emails at 2. Although the parties discussed dates for a deposition, a date was not set. *See id.* Thus, McCabe was not afforded "reasonable written notice" including the "time and place of the deposition." Fed. R. Civ. P. 30(b)(1). The requirements of Rule 30(b)(1)—and thus Rule 37(d)(1)(A)—were not met. Sanctions are not merited in such case. *Cf. In re Malyugin*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018) (quashing a deposition subpoena served two days before the deposition was set to occur for insufficient time to comply, despite months of email traffic attempting to schedule the deposition); *Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 10 (D.D.C. 2009) (determining that "defendants should not be sanctioned for failing to answer discovery responses before their due date"). Although McCabe had indicated a refusal to travel to Washington, D.C.—the location that would have been the site of the deposition—Albright has provided the Court with no authority or reason to depart from the letter of Rule 37. The Court will not do so.

2. *The Necessity of an In-Person Deposition*

In the alternative, Albright asks the Court to order that McCabe attend a deposition in Washington, D.C. *See* Defs.' Mot. at 4. Neither party contests that Albright is entitled to take McCabe's deposition. Their dispute centers over whether the deposition may occur remotely.

i. The benefits of videoconferencing

"Ultimately, when a dispute arises about the location of a deposition, the final determination is within the discretion of the Court." *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10, 12 (D.D.C. 2014) (citing *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 22 (D.D.C. 2013)).

4

Courts have refused to require a party to travel to Washington, D.C., to be deposed where a remote deposition would suffice. *See id.* at 12–14 (refusing to require a foreign official to travel to Washington, D.C. for a deposition due in part to principles of foreign sovereignty where the intended scope of testimony was narrow and taking the deposition abroad was not impracticable). "Ample case law recognizes that a videoconference deposition can be an adequate substitute for an in-person deposition, particularly when significant expenses are at issue or when the deposition will cover a limited set of topics." *Id.* at 17–18 (citing *Gee v. Suntrust Mortg., Inc.*, No. 10-cv-1509, 2011 WL 5597124, at *3 (N.D. Cal. Nov. 15, 2011); *Ins. Distribs. Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*, No. 8-ca-767, 2010 WL 567233, at *2 (W.D. Tex. Feb. 10, 2010); and *Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447, 450 (W.D. Tenn. 2008)). "[C]ourts encourage [videoconference depositions], because doing so minimizes travel costs and permits the jury to make credibility evaluations not available when a transcript is read by another." *Gee*, 2011 WL 5597124, at *3; *see also Ins. Distribs. Int'l (Bermuda) Ltd.*, 2010 WL 567233, at *2 ("The Court notes that, given the narrow focus of the testimony, and the location of the witnesses, it may be most efficient to arrange the deposition via a video conference.").

Should the Court require McCabe to travel, she would bear "the expensive burden of several cross-country flights, hotels and associated costs" of making an international trip. *See* Pl.'s Opp'n at 1. And any concerns about assessing McCabe's credibility are obviated by "modern videoconference technology [that] allow[s Albright] to observe [McCabe] and ask follow up questions as is necessary to obtain the relevant testimony." *One Gulfstream G-V Jet Aircraft*, 304 F.R.D. at 18 (citing *WIHO, LLC v. Hubbauer*, No. 12-cv-1386, 2013 WL 6044424, at *2 (D. Kan. Nov. 14, 2013)). Moreover, the scope of McCabe's deposition will likely be limited to Albright's fair use defense and "facts regarding the copyright application and the assertions made in the

complaint." Defs.' Resp. Mem. Opp'n Mot. Sanctions ("Defs.' Resp.") 9, ECF No. 33. Given Rule One's mandate to secure the "just, speedy, and inexpensive determination of [the] action," Fed. R. Civ. P. 1, "the Court finds that satisfactory alternatives exist for deposing [McCabe] without requiring h[er] to travel to Washington, DC." *One Gulfstream G-V Jet Aircraft*, 304 F.R.D. at 19.

Albright's arguments to the contrary are unpersuasive. Albright first asserts that she "can legitimately insist on an in-person deposition in the forum that the plaintiff chose to commence the litigation." Defs.' Resp. at 6. Albright notes that judges have on occasion required an in-person deposition where a party availed herself of that jurisdiction by filing the action there. *See* Defs.' Resp. at 6–7 (citing *Paleteria La Michoacana, Inc.*, 292 F.R.D. at 24 ("A party that chooses to initiate litigation and invoke the legal protections of the forum should expect to appear for deposition in that jurisdiction."); *Buaiz v. United States*, No. 6-cv-1312, 2007 WL 9770727, at *1 (D.D.C. Oct. 17, 2007) ("[Defendant's counsel] can legitimately insist on an in-person deposition and can also insist that it be taken in D.C. where the suit is pending.")). But these cases do not control. Both cases were pre-pandemic when videoconferencing was rare and clunky. Indeed, the alternative in *Buaiz* was to take the deposition by telephone, an inadequate substitute. *See* 2007 WL 9770727, at *1. And in *Paleteria La Michoacana, Inc.*, the judge did not ultimately require the defendant to travel to Washington, D.C.; instead, the judge suggested the parties meet in a more convenient location in California. *See* 292 F.R.D. at 24. Other similar cases also do not reckon with the modern adequacy of videoconferencing software. *See, e.g.*, *Cobell v. Norton*, 213 F.R.D. 43, 47 (D.D.C. 2003) (not permitting a plaintiff to be deposed in Montana where the plaintiff failed to "provid[e] specific reasons why it would constitute an undue hardship for him to appear for a deposition in Washington, D.C." and the alternative would presumably be for the

6

defense to travel to Montana). If we can do weddings, funerals, healthcare, work, and trials via videoconference, surely we can do the same with depositions.[2]

### ii.     Depositions taken in foreign countries

"A deposition may be taken in a foreign country: (A) under an applicable treaty or convention; (B) under a letter of request, whether or not captioned a 'letter rogatory'; (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (D) before a person commissioned by the court to administer any necessary oath and take testimony." Fed. R. Civ. P. 28(b)(1).

Russia is not a party to an applicable treaty or convention, and it is difficult to successfully issue a letter of request to Russia. *See U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, No. 19-cv-4355, 2020 WL 4034733, at *3 (S.D.N.Y. July 17, 2020). However, Albright has not shown that McCabe's deposition cannot take place under Rule 28(b)(1)(C) or (D). And although Albright protests that depositions are illegal in Russia, *see* Defs.' Reply at 2, courts have been willing to permit remote depositions to occur in countries in which they may be illegal where the objecting party "has not provided specific facts showing that the [foreign] government actually intends to

---

[2] *See* Thomas Smith, *The First Online Wedding Happened in 1876,* OneZero Medium, (Sep. 22, 2020), https://onezero.medium.com/the-first-online-wedding-happened-in-1876-3a8b20cd820c (weddings); Steven J. Birenbaum, *How to Hold a Virtual Memorial Service*, N.Y. Times (Jan. 14, 2021), https://www.nytimes.com/2021/01/14/well/family/virtual-funeral-advice.html (funerals); American Medical Association Press Release, *AMA Survey Shows Widespread Enthusiasm For Telehealth*, American Medical Ass'n, (Mar. 23, 2022), https://www.ama-assn.org/press-center/press-releases/ama-survey-shows-widespread-enthusiasm-telehealth (healthcare); Kim Parker, *COVID-19 Pandemic Continues To Reshape Work in America*, Pew Rsch. Ctr., (Feb. 16, 2022), https://www.pewresearch.org/social-trends/2022/02/16/covid-19-pandemic-continues-to-reshape-work-in-america/ (work); Huo Jingnan, *To Try or Not To Try — Remotely. As Jury Trials Move Online, Courts See Pros and Cons,* Nat'l Pub. Radio, (Mar. 18, 2022, 5:45 AM), https://www.npr.org/2022/03/18/1086711379/as-jury-trials-move-online-courts-see-pros-and-cons (trials).

prevent this deposition from occurring there." *One Gulfstream G-V Jet Aircraft*, 304 F.R.D. at 16. This is particularly true where—as here—the deponent has "inform[ed] the Court on multiple occasions . . . that [they are] ready, willing, and able to be deposed in [the foreign country]." *Id.*; Pl.'s Opp'n at 1.

In sum, the Court will not require McCabe to travel to Washington, D.C. for an in-person deposition. However, the Court will extend discovery for 45 days to permit a remote deposition to occur, and orders McCabe to sit for a remote deposition during that time.

B.     Plaintiff McCabe's Motion for Sanctions

McCabe asks the Court to sanction Albright for her failure to attend a duly noticed deposition. *See* Pl.'s Mot. at 2.

The party opposing sanction "bear[s] the burden of proving that their failure was 'substantially justified' or that circumstances render an award 'unjust.'" *Campbell*, 309 F.R.D. at 28 (citing *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)). "A party is substantially justified in opposing discovery . . . if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Parsi v. Daioleslam*, 778 F.3d 116, 127 (D.C. Cir. 2015) (internal quotation marks omitted). "The substantial justification requirement serves to prevent sanctions that chill legitimate efforts at discovery." *Id.* (internal quotation marks omitted).

"This is not a case where defendants' counsel completely ignored the notices of deposition *and* failed to appear." *Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 11 (D.D.C. 2009) (comparing *Perez v. Berhanu*, 583 F. Supp. 2d 87, 88–89 (D.D.C. 2008) (not sanctioning defendants when they refused to attend depositions for reasons that plaintiffs found obstructionist, but the court found were not in bad faith)). Rather, Albright believed that her refusal was justified because

8

McCabe fled to Russia and subsequently refused to travel back to the United States for a deposition. *See* Defs.' Resp. at 6. Considering these unique facts, the Court finds that circumstances render the imposition of sanctions unjust. *See Perez*, 583 F. Supp. 2d at 88–89. However, as with McCabe, the Court orders that Albright sit for a remote deposition within 45 days.

## IV. CONCLUSION

"*Quid pro quo* efforts to evade discovery or move for sanctions do not advance the disposition of this case." *Henok v. Chase Home Fin., LLC*, No. 12-cv-336, 2014 WL 12775309, at *6 (D.D.C. July 14, 2014).

For the foregoing reasons, the undersigned **GRANTS IN PART** and **DENIES IN PART** both motions. It is hereby **ORDERED** that discovery is extended for 45 days for the limited purpose of conducting the depositions of both Plaintiff and Defendant.

Date: February 14, 2024

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE